## Twitchell *versus* McMurtrie.

77    383
f214    ²158

1. The plaintiff, assignee of an assignee of a mortgage by husband and wife on her property, issued after the husband's death a scire facias and filed with it declarations of mortgagees—under seal and duly acknowledged on the wife's separate examination—of no set-off and knowledge of each assignment; her affidavit of defence was that the mortgage was made whilst they were in prison, at the request of O'Byrne, without consideration, assigned to him without consideration, as security for expenses of husband and wife's trial, with the agreement that he would never assign it; that he entered the mortgaged premises, and from the rents and other sources had received more than the principal of the mortgage and had assigned it to plaintiff for $1, as stated in the assignment; that she never knowingly signed or acknowledged the declarations, and was not made acquainted with their contents : *Held*, these allegations were sufficient to allow the defendant to go to a jury.

2. A reasonable intendment is to be made in favor of affidavits of defence.

3. If the circumstances make out a primâ facie case of fraud on the maker even of negotiable paper, the holder must establish his title to it.

4. Although an assignment under seal imports a consideration, the assignee must prove it if there be even slight evidence to impeach the transaction.

5. An assignee of a mortgage takes it subject to all defences unless he ascertain from the mortgagor that there are none.

6. The assignee of a mortgage is affected by facts invalidating the acknowledgment, as to which it is for the jury to pass on the testimony the parties may submit.

7. A mortgagee may be treated as a purchaser as regards the recording acts ; but the parties hold the relation of debtor and creditor.

8. *Quære*, whether the declarations of no set-off would have any effect to control a decision by the court, if there were a defence on other grounds.

February 8th 1875. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the District Court of *Philadelphia :* No. 224, to January Term 1873.

This was a scire facias sur mortgage, issued October 15th 1872, in which Richard C. McMurtrie, trustee of H. W. and J. C. M. Halbach, was plaintiff, and Camilla E. Twitchell was defendant.

George S. Twitchell, Jr., on the 28th of November 1868, executed a bond for the payment of the sum of $10,000 to his father, George S. Twitchell, Sr., and at the same time the obligor and his wife executed a mortgage to the father on real estate belonging to her to secure the payment of the bond. On the day of the date of the mortgage, the mortgagee assigned it to John O'Byrne, Esq. On the 8th of February 1869, O'Byrne assigned the mortgage to the plaintiff and two others, trustees ; the two trustees were dismissed from the trust, leaving the plaintiff sole trustee. At the execution of the mortgage the mortgagor and his wife signed under their seals a declaration reciting that the bond was about to be assigned to O'Byrne, with their knowledge and consent, and acknowledging that the whole debt, $10,000, secured by the mortgage was due. On the 8th of February 1869, they made another declaration executed in the same manner as the first, reciting that the mortgage

[Twitchell *v.* McMurtrie.]

was about to be assigned to the trustees, with their knowledge and consent, and acknowledging that the whole principal sum, $10,000, with interest, was due.    Both these declarations were duly acknowledged before a notary public on the separate examination of the wife.    The husband afterward died.

The papers were filed with the record of the scire facias.

Mrs. Twitchell made an affidavit of defence, to wit:

" That the mortgage for $10,000, upon which said suit is brought, was executed by her and her husband on the 28th day of November 1868, at the request of Mr. John O'Byrne, to George S. Twitchell, Senior, without any consideration whatever, and assigned by him on the same day, without consideration, to the said John O'Byrne.

" That at the time of its said execution, she and her husband were confined in prison, and said mortgage was given as security for any expenses that might arise from their approaching trial, and under the express agreement with the said O'Byrne, that he would never in any manner assign or part with said mortgage.

" That said mortgage is secured upon a property at north-east corner of Tenth and Pine, in this city, which is in her own name, and was so at the time of the execution of said mortgage ; and the said O'Byrne, immediately after the said assignment to him, took possession of the said property, and has retained the same until just prior to this suit ; has rented the premises, collected the rents, made the repairs, paid the taxes, and generally acted as a mortgagee in possession, and that she has never received any return therefrom in any way, nor any account thereof, although she has often demanded the same from him.

" That she has never received from the said O'Byrne any statement or account of the expenses of her and her husband's trial, or either of them, notwithstanding she has urged the rendering of such account or statement by him.

" That by the advice of the said O'Byrne, she waived her right to administer the estate of her mother, Mary E. Hill, who died November 22d 1868, and William Callahan, a stranger to her, was granted letters of administration, November 25th 1868, the said O'Byrne becoming his security in the sum of $10,000.

" That the said O'Byrne has managed the estate, acting in all respects as administrator, selling the personal property, collecting the credits in his own name, and paying debts of the decedent, and she has always believed him to be the administrator.

" That upon a citation, the account of said administration was filed April 26th 1872, and has been referred to an auditor, before whom she believes and expects to be able to prove that a large portion of the assets of said estate are unaccounted for, amounting to more than the principal sum of said mortgage.

" That she never knowingly signed the paper, a copy of which

[Twitchell v. McMurtrie.]

is filed in this suit, and that no such paper was ever read to her, nor was she made acquainted with its contents, nor did she acknowledge the same in the manner and form therein set forth.

"That it appears by the record of this suit that the said O'Byrne assigned said mortgage to Charles Vezin, Ferdinand Lorenz, and Richard C. McMurtrie, trustees, &c., for the sum of $1."

On the 27th of November 1872, the court directed judgment to be entered for the plaintiff for want of a sufficient affidavit of defence.   This was assigned for error on the removal of the record to the Supreme Court by writ of error.   She also assigned for error, allowing the declarations of set off to be filed.

*J. J. Ridgway*, for plaintiff in error.—The declarations of no set-off were of no value in determining the sufficiency of the affidavit of defence; the effect of them was for the jury. No fact outside of the copy filed will be looked at by the court : 1 Troubat & H. 371 ; Imhoff *v.* Brown, 6 Casey 504.   The certificate of an acknowledging magistrate may be impeached : Jamison *v.* Jamison, 3 Whart. 457 ; Barnet *v.* Barnet, 15 S. & R. 72 ; Hall *v.* Patterson, 1 P. F. Smith 289 ; Shrader *v.* Decker, 9 Barr 14 ; McCandless *v.* Engle, 1 P. F. Smith 309 ; Michener *v.* Cavender, 2 Wright 237.   The assignee takes subject to all objections the obligor could make : Elliott *v.* Callan, 1 Penna. R. 24 ; Wheeler *v.* Hughes, 1 Dall. 23 ; Rudy *v.* Wenner, 16 S. & R. 18 ; Morton *v.* Rose, 2 Wash. C. C. R. 233 ; Horstman *v.* Gerker, 13 Wright 287.   On allegation of fraud an innocent holder of even negotiable paper must prove a valuable consideration ; Hutchinson *v.* Boggs, 4 Casey 294 ; Hoffman *v.* Foster, 7 Wright 137 ; Chew *v.* Barnet, 11 S. & R. 389 ; Hancock's Appeal, 10 Casey 155.   An attorney cannot take a gift from his client instead of his bill : Wells *v.* Middleton, 1 Cox C. C. 112 ; Ormond *v.* Hutchinson, 13 Ves. 52 ; Morse *v.* Royal, 12 Id. 372.

*A. S. Biddle* and *R. C. McMurtrie*, for defendant in error.— The estate conveyed by the mortgage was not a chose in action, but a title defeasible by payment of the debt : Scott *v.* Fields, 7 Watts 360 ; the secret agreement not to convey would affect it only as it would other conveyances.   The debt being admitted, the conveyance cannot be destroyed by anything that would not affect other conveyances : Philips *v.* Bank, 6 Harris 402.   The defendant's title was her equity of redemption ; Gilmore *v.* Commonwealth, 17 S. & R. 276 ; Simpson *v.* Ammons, 1 Binn. 175.   The condition in the mortgage is the payment of the debt which subsists in innocent hands who bought on the faith of her conveyance. The debt carries the estate : Foster *v.* Fox, 4 W. & S. 92 ; Farmers' Bank *v.* Fordyce, 1 Barr 455 ; and the owner of that is a

27 P. F. Smith—25

[Twitchell *v.* McMurtrie.]

purchaser for value : Lancaster *v.* Dolan, 1 Rawle 231 ; her position is of one seeking to redeem : Rinton *v.* Vandegrift. Notice of a defect in the acknowledgment, arising out of fraud, must be brought home to the purchaser : Schrader *v.* Decker, 9 Barr 14 ; Louden *v.* Blythe, 4 Harris 541 ; Louden *v.* Blythe, 3 Casey 25 ; Hall *v.* Patterson, 1 P. F. Smith 290.

Mr. Justice WOODWARD delivered the opinion of the court, May 10th 1875.

There can be no doubt that if John O'Byrne, the first assignee of the mortgage, had been the plaintiff in this action, the defendant would have had the right to prove the facts alleged in her affidavit. The mortgage, according to her statement, was executed at his instance. The defendant and her husband were confined in prison on a charge of crime, and Mr. O'Byrne undertook to provide and disburse the funds required to meet the expenses of their approaching trial. These funds were to be raised out of the defendant's property, and the mortgage, which he agreed he would never part with, was .the means by which the control of the property was placed in his hands. He took possession, and collected the rents up to a time shortly before this suit was brought. Besides this, he procured the appointment of William Callahan as administrator of Mary E. Hill, the mother of the defendant, retaining the management of the estate entirely in himself, selling the personal property, collecting the credits in his own name, paying the debts of Mrs. Hill, and acting in all respects as if the administration had been committed to him and not to Callahan. The settlement of the estate is pending in the Orphans' Court, and the defendant asserts her belief that a large portion of the assets has been unaccounted for, amounting to more than the principal of the mortgage. In the meantime, no statement has been made of the expenses of the trial of the defendant and her husband, and no account has been rendered of the management of the mortgaged premises, although such an account has been demanded. On the 8th of February 1869, in violation of his agreement that he would not part with the mortgage, he assigned it to the trustees represented by the plaintiff below. The consideration stated in the assignment was one dollar.

Upon facts like these, it is clear that even an endorsee of a promissory note would be required, in an action against the maker, to prove that he had received it in the usual course of business, for a valuable consideration, and before it was due. A party may rest upon the presumptions of law in his favor in the first instance, but where circumstances are shown making out, primâ facie, a case of fraud upon the maker, the holder must establish his title to the note : Hutchinson *v.* Boggs and Kirk, 4 Casey 294. The assignee of a specialty is subject to a different and more stringent rule than

the endorsee of negotiable paper. He is affected more directly and to a very much greater extent by the equities and trusts subsisting between the original parties. While the broad principle of Chew *v.* Barnet, 11 S. & R. 389, and Kramer *v.* Arthurs, 7 Barr 165, has been modified, slight notice of facts constituting a defence is sufficient to bind an assignee, and "anything that would put a prudent man upon inquiry, it has often been held, is equivalent to notice:" Churcher *v.* Guernsey, 3 Wright 84. The nominal consideration for this assignment was one dollar. The transfer to the trustees, upon the assumption that the allegations of the affidavit are true, was a fraudulent violation on the part of Mr. O'Byrne of the duty which the law imposed on him, as well as a breach of his express agreement with the defendant. It was said in Hancock's Appeal, 10 Casey 156, that while, in the absence of any evidence to the contrary, an assignment under seal imports a valuable consideration, yet the assignee may be required to give full proof of consideration if there be any evidence, however slight, to impeach the bonâ fides of the transaction. The grounds of defence asserted here were amply adequate to give to the defendant the right to a trial by jury, and to entitle her to call upon the plaintiff to prove the circumstances under which the assignment of the mortgage was made.

Notwithstanding the general facts set out in the affidavit of defence, the judgment is sought to be sustained on the ground that the defendant is estopped from denying her liability by the execution of the instrument filed with the præcipe for the scire facias, by which it was declared by her husband and herself, that they had no legal claim or set-off against the mortgage; that it was about to be assigned to the trustees of H. W. and J. C. M. Halbach, with their full knowledge and consent; and that they acknowledged the principal sum of $10,000 to be due. It may well be doubted whether the effect contended for could be given to this certificate even if it were unaffected by any allegation in the affidavit. The mortgage was perfect in itself as a cause of action, and the suit was brought on that. The certificate would be evidence on a trial, undoubtedly. But it does not follow that it could be taken up either by the court below, or by this court, in order to control a decision against the defendant when an adequate defence had been made out on other grounds. The effect would be that the court, without an issue, would be engaged in trying the merits of the controversy with a sufficient affidavit of defence before them on one side, and part of the plaintiff's documentary evidence before them on the other. It is not necessary, however, to express any opinion on this. The defendant has sworn that she never knowingly signed this paper, that no such paper was ever read over to her, and she was never made acquainted with its contents; and that she did not acknowledge it "in the manner and form therein

[Twitchell *v.* McMurtrie.]

set forth." It is objected that this statement is vague and inconclusive. The facts could have been given more fully and with more of circumstantial detail; but the absence of the requisite formalities to make an acknowledgment effective is alleged with substantial certainty. A reasonable intendment is to be made in favor of affidavits of defence. It has sometimes happened that they have been subjected to a scrutiny unduly rigid. It would be harsh to apply the old rules that demanded strict accuracy, precision, and completeness of statement to instruments like these, when those rules have been relaxed in their application to other instruments of judicial form. That the defendant has the right to prove her allegations in relation to the acknowledgment there can be no doubt. In Michener *v.* Cavender, 2 Wright 337, it was said by the judge who delivered the opinion of this court, that " a purchaser of real estate who finds the deeds in the channels of his title all regularly acknowledged, is certainly not required to go up the stream and inquire of every married woman if she executed her deed voluntarily, and acknowledged it according to law ; and if he pays his money on the faith of such title deeds he is to be protected, and this is probably all that was meant by what judges have said about purchasing without notice. But a mortgagee is not a purchaser of an estate, though for the purposes of the recording acts he is sometimes treated as one. * * * His assignee takes the mortgage subject to all defences, unless he inquire of the mortgagor and learn that there are none." And in McCandless *v.* Engle, 1 P. F. Smith 309, 314, this case of Michener *v.* Cavender was referred to as settling the point that the assignee of a mortgage is to be affected by facts invalidating its acknowledgment. " A different rule," Judge Thompson added, " applies to a conveyance of real estate. A mortgage is only so, however, in form, while in fact it is but a security for money." It is for the jury to settle the effect of the testimony the parties may submit. They are to pass upon the question whether the contested acknowledgment was duly made, as well as upon the questions relating to the consideration, the knowledge or the means of knowledge of the assignees, and to the good faith in which they acted, in case evidence is given by the defendant in support of the averments of her affidavit.

The language already quoted from the cases of Michener *v.* Cavender and McCandless *v.* Engle, meets the remaining ground on which it is insisted the judgment should be supported. For some purposes a mortgage is something more than a mere security for a debt. It is a pledge of specific property. It gives to a creditor the exceptional remedy of ejectment. And, as suggested in Michener *v.* Cavender, a mortgagee may be treated as a purchaser for the purposes of the recording acts. But the parties to this record hold the relation of debtor and creditor. The action in form and object is to enforce the payment of a debt. Judge Thompson

[Twitchell *v.* McMurtrie.]

said in Horstman *v.* Gerker, 13 Wright 282, that, although a mortgage "may be assigned so as to permit the assignee to sue in his own name, yet it is subject to the same equities and rules that govern other non-negotiable instruments or claims." As these parties stand, the rule of that case should be applied to this.

Judgment reversed, and *procedendo* awarded.