## Charles Rettig & Son, Appellants, *v.* Elizabeth Becker and Margaret Becker, and the Tamaqua Building & Loan Association.

*Equitable estoppel—Fraudulent representations.*

The doctrine of equitable estoppel is applicable when a person (C) holding a judgment bond against another (M) represents her as the owner of real estate free of debt and incumbrance and sends the creditor to that other (M) for confirmation in order that credit may be extended on the security of the other (M) against whom the antecedent judgment is entered up (by C) to the prejudice of plaintiff's surety bond.

*Assignment of judgment under seal—Fraud—Burden of proof as to consideration.*

While in the absence of evidence to the contrary an assignment of a judgment under seal imports consideration and entitles a bona fide assignee to the protection afforded by the rule under such circumstances, any evidence which impeaches the bona fides of the transaction will put the assignee to full proof of consideration.

*Estoppel—Assignment of judgment—Consideration—Fraud—Burden of proof.*

C represented M as an owner of real estate free from debt; the statement was confirmed by M and plaintiff accepted M as security for credit to be extended to C's mother. C entered up a judgment bond antedating the transaction of the plaintiff. Plaintiff entered up also his judgment bond. C assigned his judgment to a building association. Plaintiff and C's assignee claimed the fund resulting from a sheriff's sale under C's judgment. Plaintiff alleged fraud on part of C. No proof was submitted of any consideration passing from C's assignee. *Held*, that C being estopped and her assignee being in position of a volunteer the fund should be awarded to plaintiff on his execution.

Argued Dec. 7, 1898.   Appeal, No. 179, Oct. T., 1898, by plaintiffs, from decree of C. P. Schuylkill Co., Jan. T., 1897, No. 34, dismissing exceptions to auditor's report.   Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.   Reversed.   Opinion by W. D. PORTER, J.

Exceptions to auditor's report.    Before Koch, J.

It appears from the record that property of Caroline Becker was sold by the sheriff for $650 and the court appointed an auditor to distribute the funds, which were claimed by plaintiffs on an execution issued by them on a judgment bond and by the Tamaqua Building & Loan Association as assignee of Caroline Becker who issued a writ of execution upon a judgment bond given to her by Margaret Becker. The auditor awarded the balance, $500.64, after payment and costs to Caroline Becker for the use of the Tamaqua Building & Loan Association against Margaret Becker, and the court overruled exceptions filed by Rettig & Son and confirmed the report. Plaintiffs appealed.

Other facts appear in the opinion of the court.

*Errors assigned* among others were (6) in awarding the proceeds of sale to the Tamaqua Building & Loan Association. (7) In not awarding the proceeds of sale to Rettig & Son.

*A. W. Schalck*, with him *John W. Ryon*, for appellants.—Com. v. Moltz, 10 Pa. 527, is probably the leading case in Pennsylvania on the subject of estoppel. See also Gray's Appeal, 10 W. N. C. 458, and Hill v. Epley, 31 Pa. 331.

Of two innocent parties, the one who occasions the loss must bear it. Knowledge creates the duty to speak, and where that exists, silence is enough to estop. See also Lewis v. Baker, 162 Pa. 510, McKelby v. Truby, 4 W. & S. 323, and Miller's Appeal, 84 Pa. 391.

One who is silent when he ought to speak, will not be heard to speak when he ought to be silent. Numerous cases are cited on this point.

*J. Lineaweaver*, for appellees.—The assignee of a bond or other chose in action, is only liable to secret equities of the obligor or debtor. He takes it subject to all the equity of the obligor, but not to the latent equity of a third person. To subject him to such an equity, he must have express or constructive notice, at the time of the assignment: Mott v. Clark, 9 Pa. 399; McConnell v. Wenrich, 16 Pa. 365; Winton's Appeal, 5 Atl. Rep. 433; Mifflin Co. Bank's Appeal, 98 Pa. 150.

The Supreme Court, in Ross's Appeal, 106 Pa. 82, says, "Judgment creditors cannot inquire into the consideration for the assignment of a judgment against the debtor, by one of their number, to a third party." This ruling certainly leaves the plaintiffs without a pin's head on which to stand.

The assignment is under seal which of itself imports a consideration.

OPINION BY W. D. PORTER, J., July 28, 1899:

Elizabeth Becker was desirous of becoming the representative of the plaintiffs, for the purpose of receiving and selling their goods at Tamaqua and collecting the accounts resulting from said sales, and negotiations had been in progress to that end. It had been understood between the parties that Elizabeth Becker would be required to give to plaintiffs a bond in $1,000, with surety, conditioned for the payment of any amount in which she should become indebted to plaintiffs in conducting the business. A duly authorized agent of plaintiffs visited Elizabeth Becker, on January 26, 1895, and a conference with her and her daughter Caroline Becker, who was the active manager for her mother in the entire business, and they finally agreed upon terms. Caroline Becker proposed Margaret Becker, her relative, as surety upon the bond and told the agent of plaintiffs that said Margaret Becker owned certain real estate, that there were no mortgages or judgments against the property, and that Margaret Becker was free of debt. She then sent one of her employees with the agent, to introduce him to Margaret Becker and show him the property. Margaret Becker made statements to the agent corroborating what Caroline had said. The agent examined the record and found the title to a lot in Tamaqua in the name of Margaret Becker and that there were no judgments or mortgages. The agent accepted Margaret Becker as surety, the bond was executed and delivered, and goods were furnished to Elizabeth Becker, under the agreement, as she required, until June, 1896, by which time she had become indebted to plaintiffs in the sum of $959.72.

Elizabeth Becker failing to make payments upon the amount owing on the account, the plaintiffs refused to continue to furnish her with goods and threatened to enter up judgment on their bond; whereupon Caroline Becker, on June 22, 1896, en-

tered judgment against Margaret Becker, upon a bond dated January 16, 1893, which secured to said Caroline a debt of $1,300 owing to her by said Margaret, and payable one day after the date of said bond. On August 13, 1896, Rettig & Son entered judgment against Elizabeth Becker and Margaret Becker upon their bond, said judgment being liquidated in the sum of $959.72. On August 20, 1896, the judgment of Caroline Becker v. Margaret Becker was marked of record for use of the Tamaqua Building & Loan Association. Rettig & Son issued execution upon their judgment and real estate of Margaret Becker was duly sold by the sheriff, for $650. The court appointed an auditor to distribute this fund, the auditor awarded the balance, viz : $500.64, after payment of costs, to the judgment of Caroline Becker for use of the Tamaqua Building & Loan Association against Margaret Becker and the court over-ruled exceptions filed by Rettig & Son and confirmed the report. The plaintiffs, Rettig & Son, appealed and assigned for error the action of the court in awarding the fund to the Caroline Becker judgment.

The facts as stated above are substantially found by the auditor and are conclusively established by the evidence. Two questions arise from this state of facts, viz: Did the false representations made by Caroline Becker to the plaintiffs, at the time they accepted Margaret Becker as surety, that the said Margaret was free from debt, when, in fact, Margaret was at that very time indebted to Caroline in a large amount, estop Caroline from subsequently asserting her claim against Margaret to the prejudice of the right of plaintiffs ? Second: If Caroline was so estopped, was the assignee of the judgment affected by the secret equities between Caroline and the plaintiffs?

The representations were made by Caroline for the purpose of inducing the plaintiffs to accept Margaret Becker as surety. At her suggestion plaintiffs' agent visited Margaret, who corroborated the representations. Margaret was in possession of the lot and an investigation of the record showed title in her name and no incumbrances of record. The representations so far as they were capable of verification were found to be true ; this rendered it all the more probable that the plaintiffs would fall into the trap, and accept as true the representation that

Margaret owed no debts.  The representation that Margaret was free of debt was absolutely false, for she was then indebted to Caroline, who held her bond for $1,300, which was two years overdue, and the falsehood was fitted and intended to deceive. The plaintiffs had no other means of information upon this point, the truth was known only to Caroline and Margaret Becker, by whom plaintiffs were deceived and induced to part with their property, upon the credit of a surety whom they believed to be free of debt.  The debt, the existence of which was concealed, amounted to twice the sum at which the property of Margaret Becker was sold; it is therefore manifest that the testimony of plaintiffs' agent, that he was by the representations induced to do what otherwise he would not have done was true.  If Caroline Becker were now permitted to allege the truth as against plaintiffs' claim, she would garner the fruits of falsehood and fraud and deprive plaintiffs of any hope of recovery for the goods which they parted with upon the faith of her misrepresentations.  As against her all the elements necessary to work an equitable estoppel are conclusively established.  The learned auditor concedes that such must have been the conclusion reached, if both Caroline and Margaret had been present when the representations were made, but he is of opinion that because plaintiffs visited Margaret and interrogated her after the talk with Caroline, it must, therefore, be held that it was the representations of Margaret which induced plaintiffs to accept her as surety.  If this were sound, it would only be necessary for one desirous of escaping the consequences of his own fraud to induce the party intended to be deceived to make inquiry, as to the facts, of some confederate who had been instructed to tell the same tale.  Caroline after completing her fraudulent representations sent the plaintiffs to Margaret to make inquiry.  Margaret corroborated Caroline and plaintiffs believed them both, because they agreed in their statements. If either had told the truth, the plaintiffs could not now allege that they had been deceived.  Caroline having made the false representation which deceived plaintiffs, and then having sent plaintiffs to Margaret, who corroborated her in the deception, neither Caroline nor Margaret can now be permitted to assert the truth to their own advantage and plaintiffs' injury : Com. v. Moltz, 10 Pa. 527 ; Hill v. Epley, 31 Pa. 331 ; Logan v. Gardner, 136 Pa. 588 ; Lewis v. Baker, 162 Pa. 510.

As to the second question involved in this record, the learned auditor found that "if then Caroline Becker is estopped from claiming this money in question, clearly her assignee would be estopped, being subject to her equities." Stated thus, apart from the facts in this particular case, the proposition is broader than the authorities warrant. A bona fide assignee, for valuable consideration, of a judgment takes subject to the equities of the judgment debtor, but discharged of secret equities between his assignor and third parties: Mott v. Clark, 9 Pa. 399; Twitchell v. McMurtrie, 77 Pa. 383; Hancock's Appeal, 34 Pa. 155; Mifflin County National Bank's Appeal, 98 Pa. 150; McConnell v. Wenrick, 16 Pa. 365; Taylor v. Gitt, 10 Pa. 428. The rule which protects the assignee under such circumstances is, that a purchaser for a valuable consideration is not to be affected by a latent equity, of which he had no notice, or the knowledge of which might not have been picked up in the line of his natural inquiry. This rule protects a bona fide assignee who pays a valuable consideration for the judgment. A mere volunteer, an assignee who succeeds to the title without payment of a valuable consideration, holds subject to all the equities which might have been successfully asserted against his assignor. To shield the title of the assignee from such equities there must be some evidence that the assignment was founded upon a valuable consideration, or some circumstance from which a valuable consideration can be inferred. In the absence of any evidence to the contrary, an assignment under seal imports a valuable consideration and invokes the protection afforded by the rule, but, in such case, any evidence which impeaches the bona fides of the transaction will put the assignee to full proof of consideration.

In this case there was no evidence that the building and loan association, the assignee of the Caroline Becker judgment, was a purchaser for value. The association, for reasons which are not made known, did not offer the assignment in evidence, nor was the record of the judgment offered in evidence. The only evidence before the auditor, upon this question, was the certified list of liens, which showed a judgment against Margaret Becker in favor of Caroline Becker, entered June 22, 1896, and, on August 20, 1896, marked for use of the building and loan association. Even if the assignee had offered the judgment in evidence it would not have helped the matter, for we gather

395, (1899).]                    Opinion of the Court.

from the briefs of counsel that the assignment was not filed of record, but there was a suggestion of counsel for plaintiff, Caroline Becker, that the judgment had been assigned, whereupon it was marked for the use of the assignee. If the assignee had desired to take advantage of the presumption that an instrument under seal is founded upon a valuable consideration, the assignment, if it was under seal, ought to have been offered in evidence. In the absence of evidence to bring the assignee within the operation of the rule which protects a bona fide purchaser for valuable consideration, the conclusion of the learned auditor, that, if Caroline Becker was estopped, her assignee was also estopped, was correct. The sixth and seventh specifications of error are sustained.

And now, July 28, 1899, the judgment is reversed at costs of the appellee, and it is ordered and adjudged that the balance, after payment of costs as awarded by the auditor, now in the hands of the sheriff, viz: $500.64, be awarded and paid to Charles Rettig & Son, upon account of their judgment, No. 175, September term, 1896, in the court of common pleas of Schuylkill county.