## Brackenbridge *v.* Cummings, Appellant.

*Mortgage—Statute of limitations—Promissory notes.*

Where a mortgage stipulates that it is given " as well for and in consideration of the aforesaid debt . . . . and for the better securing the payment of the same," and that it shall cease to be of effect provided the mortgagor shall pay " the aforesaid sum," and the debt is further referred to " as evidenced by twenty-nine promissory notes," the fact that two of the noted are barred by the statute of limitations, does not defeat the right of action on the mortgage to collect the portion of the debt represented by the two notes.

Where a person purchases property subject to a recorded mortgage given to secure the payment of a debt evidenced by several promissory notes, he cannot allege as a defense in a suit on the mortgage to recover the amount of two of the notes, that the two unpaid notes had been taken up by the maker, that a new note was given for the amount, and that this constituted a novation. He must go further and allege that it was the intention of the parties that there should be a novation, and that the new note was given in satisfaction, or release of the mortgage.

Argued May 23, 1901.   Appeal, No. 101, April T., 1901, by defendant, from order of C. P. Warren Co., Sept. T., 1900, No. 13, making absolute a rule for judgment for want of a sufficient affidavit of defense in case of N. B. Brackenbridge, Assignee of A. H. McKelvy, v. Lewis Cummings, Terre-tenant.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Scire facias sur mortgage.

Rule for judgment for want of a sufficient affidavit of defense.

Lewis Cummings filed an affidavit of defense in which he averred as follows:

That he purchased the interest in said leasehold, described in the mortgage upon which the above writ of scire facias was issued, of the Warren Savings Bank the then owner thereof by purchase by said bank for a valuable consideration from the grantees of the original lessees.   That this deponent purchased said interest in said leasehold of said bank, March 17, 1898, paying therefor the sum of $305, and since that date has been in possession of said leasehold and expended large sums of money thereon developing and mining for oil of said leasehold.

That the mortgage upon which this writ of scire facias was issued is dated May 6, 1899, and recorded in said Warren county on May 22, 1899.   That said mortgage recites that it is "given to secure the payment of twenty-nine promissory notes of $200, each, and each bearing even date with said mortgage, and said notes payable as follows: "$200, with interest at 7 per cent, in one month from date of said mortgage, and a like amount, with interest at 7 per cent, each and every month thereafter, until the whole twenty-nine notes are paid, as evidenced by the said twenty-nine promissory notes, payable at the Warren Savings Bank, Warren, Pa.

And the said depondent further states, that at the date of his purchase of the said interest in said leasehold, to wit: March 17, 1898, the sum of $5,400 and interest thereon, was paid upon said notes, and receipted upon said mortgage, by A. H. McKelvy, the then owner of said mortgage, and which receipt is dated June 1, 1892, and which receipt is in full of twenty-seven of said notes and interest thereon secured by said mortgage. That the twenty-eighth note of the series matured and became due September 6, 1891, and the twenty-ninth note, the last note of the series, matured and became due October 6, 1891. So that at the date of the purchase by the deponent of said interest in said leasehold, the debt and notes for which said mortgage was given to secure was receipted and extinguished in full as appears by the recorded mortgage and receipts thereon. Said notes all being paid, or extinguished by the statute of limitations, and that at the date of his said purchase nothing whatever was due and owing upon said mortgage, and deponent saith that the mortgage upon which said scire facias is issued was before the date of the issuing of said writ, fully paid, satisfied and extinguished.

A supplemental affidavit of defense was as follows:

Lewis Cummings, being first duly sworn, says for further defense in this case, on March 17, 1898, he purchased for the sum of about $700 from the Warren Savings Bank et al., the interest in this leasehold covered by the mortgage in suit. That of the twenty-nine notes which said mortgage was given to secure, twenty-seven were receipted on the mortgage at the time of said purchase by Lewis Cummings. That afterwards the twenty-eighth and twenty-ninth notes for the amount of which this action on the mortgage was brought, were taken up by the maker of said notes, Wilson Law, and one note was given for the amount now claimed by defendant to be due on the mortgage and for which this suit was brought. That the defendant, Lewis Cummings, is informed and believes that as regards his situation as the purchaser of said leasehold, and his character as a terre-tenant, said transaction was a novation of the debt secured by the mortgage, and for which his interest in said leasehold was not liable under the terms of said mortgage; which facts have all come to the knowledge of the deponent since filing his affidavit of defense in this case.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*W. W. Wilbur,* of *Wilbur & Schnur,* with him *Allen & Sons,* for appellant.—A purchaser is not bound to look into the actual facts of payment, or of the intention of the parties, further than they have been made accessible to him upon the record: Meigs v. Bunting, 141 Pa. 233; Neff's Estate, 185 Pa. 101.

A mortgage is but a security for the payment of money, and the debt secured by it being paid or in any manner extinguished by any means, the mortgage is likewise extinguished: Safe Deposit & Trust Co. v. Kelly, 159 Pa. 90; Rickert v. Maderia, 1 Rawle, 328; Craft v. Webster, 4 Rawle, 252; Wentz v. Dehaven, 1 S. & R. 316; Anderson v. Neff, 11 S. & R. 223; Mitchell v. Coombs, 96 Pa. 435; Meigs v. Bunting, 141 Pa. 239.

Cummings is a purchaser and the leasehold he purchased is not liable for the renewal: Moorehead v. Duncan, 82 Pa. 488; Cover v. Black, 1 Pa. 493; Logan v. Eva, 144 Pa. 320; McCartney v. Kipp, 171 Pa. 650.

*C. E. Bordwell,* of *Arird & Bordwell,* with him *Joseph A. Schofield,* for appellee.—The mortgage secured the debt: Hulbert v. Clark, 128 N. Y. 298; Safe Dep. & Trust Co. v. Kelly, 159 Pa. 82; Munn v. McDonald, 10 Watts, 273.

The supplemental affidavit of defense filed in this case does not set up facts which would operate as innovation and a payment of the debt which the mortgage in suit was given to secure: McCartney v. Kipp, 171 Pa. 644; Gault v. McGrath, 32 Pa. 392; Laucks v. Michael, 154 Pa. 355; Shrewsbury Savings Institution's App., 94 Pa. 309; Jones v. Guaranty & Indemnity Co., 101 U. S. 630.

OPINION BY WILLIAM W. PORTER, June 25, 1901:

The plaintiff is an assignee of a mortgage. The defendant is a terre-tenant. The defense set up is that the mortgage was given to secure the payment of certain promissory notes of the mortgagor; that all of them are paid but two; that recovery upon the two is barred by limitation and that the mortgage is

therefore unenforceable.  By its terms the mortgage was given not to secure a right of recovery on the promissory notes, but the payment of the debt of which the notes were the evidence. The mortgage stipulates that it is given " as well for and in consideration of the aforesaid debt or sum of $5,800, and for the better securing the payment of the same," and that it shall cease to be of effect provided the mortgagor shall pay " the aforesaid sum of $5,800 ; " and again in the recital the mortgage speaks of the debt " as evidenced by the said twenty-nine promissory notes."   The running of the statute against the two unpaid notes and the consequent inability of the mortgagee to sue upon them did not pay that portion of the debt of which they were evidence.   The statute does not extinguish the debt. It forms a bar to the remedy of the party to recover by action : Leasure v. Mahoning Township, 8 Watts, 551.   The mortgage is then security for the payment of the debt.   But both the notes and the mortgage are evidence of the debt, and there is no rule " that a debt once evidenced by two instruments shall never be proved by one : " Fleming v. Parry, 24 Pa. 50.   Therefore, while action on the notes may be barred, the right of action on the mortgage continues until the debt is paid or extinguished.   " The mortgage was perfect in itself as a cause of action : " Twitchell v. McMurtrie, 77 Pa. 383.   Furthermore, viewing the mortgage strictly as a collateral, that is, apart from its being evidence of the original debt, the action on it survives the extinction of the right of action upon the notes.   The right of a pledgee of securities to exhaust, or pursue his remedy upon, the collateral is not lost by the running of the statute upon the original obligation : Hartranft's Estate, 153 Pa. 530.   A creditor may hold an unlimited number of collaterals and can avail himself of any of them as long as the debt remains unpaid : Ayres v. Wattson, 57 Pa. 364.

The supplemental affidavit alleges that the two unpaid notes were taken up by the maker; that a new note was given for the amount and that this constituted a novation.   The facts alleged upon which a novation is sought to be founded, are inadequate.   If the new note was given before the appellant purchased the real estate, he has no right to complain.   If given afterwards, he should have so said in his affidavit.   But if given afterward, there is no allegation of the fact upon which

a novation can be predicated.    There can be no novation unless the intention of the parties to substitute a new security for the old and thereby extinguish the debt, is made to appear (McCartney v. Kipp, 171 Pa. 644), and nothing is set forth in the affidavits showing such intention.

In Shrewsbury Savings Institution's Appeal, 94 Pa. 309, a bond was given " as collateral security for sundry notes," etc. The note in contention was a renewal.    Mr. Justice PAXSON says :  " There was no agreement that the bond should stand for the renewal.    We must, therefore, look at the legal effect of the condition.    It was contended by the appellees, who are judgment creditors, that it was collateral to the notes merely, and not to the debt represented thereby ; that the lifting of the old notes by the renewals was a novation and satisfied the condition of the bond.    The distinction between the notes and the debt is exceedingly refined.    If the judgment is collateral to the notes it is also collateral to the debt, for the reason that the notes are but the evidence of the debt with a promise to pay it. Has the debt been paid?    As between parties to a note it has never been held that a renewal was payment unless so accepted and intended.    (Authorities cited.)    It follows that the indebtedness for which the judgment was given as collateral, being still unpaid, Seitz, the debtor, has no standing to allege that the note is not protected by the lien of said judgment."    The principle thus expressed was followed in the case of Laucks v. Michael, 154 Pa. 357, where a judgment was given as collateral to notes which were renewed, and has application to the case before us.

More than this, there is no inference to be drawn from the transaction as stated in the affidavits, that the renewal note was given in satisfaction or release of the mortgage.    The sound conclusion is that the giving of the renewal note, whether before or after the purchase of the mortgaged property by the appellant, was but the substitution or supplementation of evidence of an unpaid debt, of which the mortgage itself was evidence and which by its lien the mortgage continued to secure.

The appellant made his purchase with knowledge of an unsatisfied mortgage showing of record that but a part of the debt was paid.    Even if he were permitted to infer from the lapse of time that the right to sue on the two unpaid notes was gone,

yet had he no right to infer that the debt was paid. We can discover no equity in the appellant entitling him to take the property exonerated from the unpaid portion of the debt secured and represented by the mortgage. To sustain his present contention would be to give him property freed from a recorded lien, and this at the expense of the holder of a mortgage securing a debt which has never been paid.

The precise question here decided seems not to have been raised heretofore in Pennsylvania. Courts of other states, however, have passed upon it reaching conclusions similar to those here expressed: Hulbert v. Clark, 128 N. Y. 295; Joy v. Adams, 26 Me. 330; Davis v. Mann, 19 Pick. 535; Ballou v. Taylor, 14 R. I. 277. See also 2 Jones on Mortgages, sec. 1204, and cases there noted.

The judgment is affirmed.