Graham Industries, Inc. v. York Bias, Inc.

*Michael P. Loucks*, for plaintiff.

*Lewis H. Markowitz*, for defendant.

SHADLE, J., December 31, 1965.—This is a judgment for unpaid rent entered by the prothonotary at the direction of counsel for plaintiff by virtue of a confession of judgment clause contained in a lease.

The attorney for plaintiff filed with the prothonotary the original lease and a typewritten statement similar to a praecipe. The statement refers to the terms of the lease and to three assignments of the lessor's interest, which original assignments are attached thereto. The statement sets forth, as matters not apparent on the face of the lease, that defendant held over after expiration of the lease, thereby becoming a tenant for an additional year and that defendant paid rent for a portion of said year, but failed to pay the rent for the remainder of the year, for which claim is made in the stated amount. The statement is signed by the attorney for plaintiff, but is not verified by the affidavit of anyone.

Defendant has filed a motion to strike off the judgment as invalid on the following grounds: (1) There is no affidavit of default verified by plaintiff; (2) the lease does not authorize confession of judgment by an assignee of the lessor; and (3) the assignments show that they were made without consideration and, therefore, are void.

In support of the first proposition, that the default must be supported by plaintiff's affidavit, defendant cites a number of authorities which do not so hold. For example, West Penn Sand & Gravel Company v. Ship-

pingport Sand Company, 367 Pa. 218 (1951), held merely that "there must be an averment of such default" to support a confessed judgment. That case also sustained the validity of a judgment based on an affidavit of the attorney for plaintiff rather than plaintiff itself, stating ". . . courts should not be astute in enforcing technicalities to defeat apparently meritorious claims . . ."

Likewise, Dalo v. Marosy, 20 D. & C. 2d 47 (Mercer County, 1959), was a case in which a judgment was held defective because no averment of default had been filed. Similarly, in National Penn., Inc. v. Wolstenholme, 36 D. & C. 2d 556 (Bucks County, 1965), a judgment was stricken off because there was "nothing on the record to show any default . . ."

Finally, Park-Main Co. of Penn., Inc. v. Fayette National Bank and Trust Company of Uniontown, 397 Pa. 75, 79 (1959), specifically stated that ". . . the default may be pleaded generally without averring with particularity the facts relied on to support the claim of default and *without verification*". (Italics supplied.) That case sustained the validity of an unverified statement of default signed by attorneys for plaintiff. While we believe it is better practice for an averment of default to be verified, there is no law requiring the striking off of a judgment based on an unverified statement of default.

On the second issue, that the lease does not authorize confession of judgment by an assignee of the lessor, its terms are to the contrary. It authorizes the prothonotary or an attorney to confess judgment "in favor of the Lessor *or his assignee*", and provides that the rights therein provided shall extend to "the Heirs, Executors, Administrators, Successors *and Assigns* of such parties . . ."

Defendant's final point is that the assignments of the lease attached thereto are invalid because they show

no consideration for them on their face and bear no seal. As authority, defendant cites Rettig & Son v. Becker, 11 Pa. Superior Ct. 395 (1899), and Twitchell v. McMurtrie, 77 Pa. 383 (1875). The first case held merely that to be free of latent equities or defenses against the assignor of a judgment, an assignee must have paid a valuable consideration for the assignment. The second case held that where there is evidence to impeach the bona fides of an assignment of a mortgage, the assignee may be required to give full proof of consideration for the assignment. Neither case is authority for the proposition that an assignment of a lessor's interest under a lease is void if it does not show a valuable consideration on its face.

In any event, the first and third of the three assignments here involved recite that they are made "For value received". The second assignment states that it is made as security for a bond and mortgage given by the assignor to the assignee. Both of the statements appear to import an adequate consideration to support a lease assignment, if, indeed, any is required.

Defendant asserts that, the original lease having been under seal, the assignments likewise must be sealed. We know of no law to this effect, and Troxell v. Wheatly, 2 Luz. 37 (1873), cited by defendant, does not so hold. In fact, the Act of April 30, 1925, P. L. 404, sec. 9, 21 PS §10, which eliminates the necessity for seals on deeds, seems to apply to leases as well, and, hence, by implication, to assignments thereof.

It is true, as defendant contends, that rule 175 (c) of this court requires an assignee who is confessing judgment to file a verified statement setting forth the dates and the parties to the assignments through which his right is derived. However, the purpose of this rule is adequately served where the original assignments themselves are filed with the lease, thereby establishing of record the assignee's interest.

ORDER

And now, to wit, December 31, 1965, defendant's motion to strike off the within judgment is overruled and refused. An exception is noted on its behalf.