## Moore *versus* Smith *et al.*

1. A legal presumption of payment of a judgment, &c., does not arise
short of twenty years, but a shorter period with persuasive circumstances
may be submitted to a jury as ground of presumption in fact.

2. Judgment was recovered in 1857; in 1874 a scire facias was issued to
revive it; the affidavit of defence was that defendant was informed, believed
and expected to be able to prove that it had been fully paid out of proceeds
of a sheriff's sale of defendant's land after the judgment, the plaintiff being
entitled to and did participate in the fund; that defendant could not state the
payments more positively, because he could not obtain access to the sheriff's
docket. although he had endeavored to do so, the sheriff living at a distance.
*Held*, the facts set out supported the presumption of payment sufficiently to
submit the question to the jury.

3. The allegations of the affidavit were a sufficiently good reason for not
being able to specify with more certainty the amount the plaintiff had re-
ceived.

4. Acts of April 15th 1834, sect. 78 and January 22d 1847, as to the de-
posit of sheriff's dockets referred to.

5. Diamond *v.* Tobias, 2 Jones 312; Henderson *v.* Lewis, 9 S. & R. 384;
Hughes *v.* Hughes, 4 P. F. Smith 240; Ross *v.* McJunkin, 14 S. & R. 369;
Webb *v.* Dean, 9 Harris 29, cited.

[Moore v. Smith.]

February 23d 1876. Before AGNEW, C. J., SHARSWOOD, MER-CUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the District Court of *Philadelphia*: No. 127 to July Term 1874.

This was a scire facias sur judgment issued May 29th 1864, by C. B. & E. Smith against David C. Moore.

An action of assumpsit had been commenced in the District Court of Philadelphia, by the same plaintiffs, against this defendant, to June Term 1857, and judgment recovered against the defendant for want of an affidavit of defence on the 7th of September in the same year; the damages were assessed at $464.08. On that judgment this scire facias was issued.

The defendant filed the following affidavit of defence: "That this proceeding is a scire facias to revive a judgment obtained in this court on the 7th day of September, A. D. 1857, to the June Term 1857, No. 985, in favor of plaintiffs against this deponent for $464.08. That this deponent is informed, believes and expects to be able to prove, on the trial of this cause, that the judgment now sought to be revived has been fully paid and satisfied (and should of right have been long since satisfied of record) out of proceeds of sheriff's sale or sales of defendant's real estate, &c., (setting out several pieces of real estate), which said properties were all sold subsequent, as deponent believes, to the day on which plaintiffs' said judgment was obtained, the funds arising from which sales plaintiffs were by virtue of their said judgment entitled to participate in, and as deponent is informed, believes and expects to be able to prove, did largely participate in, to the extent set forth, viz: entire payment and satisfaction of said judgment.

"That deponent is not enabled to state as to these payments any more positively at present (if it is necessary that he should so do) because he has not been enabled to obtain access to the sheriff's real estate docket of that date, the then sheriff, who deponent believes was George Magee, Esq., living out of town, although this deponent has endeavored so to do, and has made application to the gentleman who was then ex-sheriff Magee's chief deputy, who informed deponent that the said docket was at Mr. Magee's residence in the rural portion of the city.

"Deponent is advised by his counsel, and respectfully submits to the court, that as the plaintiffs must know exactly what they received on said judgment, that if the amount did not equal the judgment, they should have given deponent credit for whatever amount they did receive, and should not have proceeded for the whole of the judgment. All of which facts deponent is informed, believes and expects to be able to prove on the trial hereof."

The court entered judgment for want of a sufficient affidavit of defence. This was assigned for error on the removal of the record to the Supreme Court by the defendant.

[Moore *v.* Smith.]

*O. A. Law,* for plaintiff in error.

No counsel appeared for defendants in error.

Mr. Justice SHARSWOOD delivered the opinion of the court, March 20th 1876.

This was a scire facias which issued May 29th 1874, to revive a judgment entered September 5th 1857. More than sixteen years therefore had elapsed. A legal presumption of payment does not indeed arise short of twenty years, yet it has been often held that a less period with persuasive circumstances tending to support it may be submitted to the jury as ground for a presumption of fact. "When less than twenty years has intervened," says Chief Justice GIBSON, "no legal presumption arises, and the case not being within the rule is determined on all the circumstances; among which the actual lapse of time, as it is a greater or less extent, will have a greater or less operation:" Henderson *v.* Lewis, 9 S. & R. 384. In Ross *v.* McJunkin, 14 Id. 369, fourteen years was treated as having this effect. In Diamond *v.* Tobias, 2 Jones 312, a time short of twenty years was allowed with circumstances, Mr. Justice COULTER remarking, "but exactly what these circumstances may be, never has been and never will be defined by the law; there must be some circumstances, and when there are any it is safe to leave them to the jury." In Webb *v.* Dean, 9 Harris 29, the period fell short of sixteen years; in Hughes *v.* Hughes, 4 P. F. Smith 240, of nineteen years.

The affidavit of defence in this case certainly did aver facts which were well calculated to support the presumption. There had been, it is averred, a sheriff's sale of real estate of the defendant which was subject to the lien of the judgment sought to be revived, and from the funds derived from which, the plaintiff would have been entitled to payment. The defendant indeed goes on to aver his information and belief and expectation that he would be able to prove actual payment from this fund; but that he had not been able to procure a sight of the docket of the sheriff who made the sale and distributed the money. In cases of distribution by the sheriff, it is true that the sheriff's docket is the only written evidence, and that is his private property. By the 78th section of the Act of April 15th 1834, Pamph. L. 551, it is provided, that "the books of the sheriff, at the expiration of his term of office, shall be deposited in the office of the prothonotary of the Court of Common Pleas, for the inspection of all persons interested." But by the Act of January 22d 1847, Pamph. L. 52, sheriffs of the county of Philadelphia are exempted from the operation of this provision. A reasonable time might have been allowed to the sheriff to retain his books in order to settle up his business, but surely they should then be required to be deposited in some public

[Moore v. Smith.]

office.   Perhaps it might be still better to require the sheriff to return with every writ of execution the disposition he had made of the money.   It is, however, for the legislature to remedy this, which must be acknowledged to be an inconvenience.   We are of opinion that a sufficiently good reason was given by the defendant for not being able to specify with more certainty what amount the plaintiff had received, and in connection with the lapse of time which had passed, there was enough to send the case to a jury.

Judgment reversed, and *procedendo* awarded.