William Steltzer, now in part to use of James Pinks, Appellant, *v.* Johnson Steltzer.

*Judgment—Legal presumption and presumption of fact as to payment.*
A legal presumption does not rise against a judgment short of twenty years, but a less period with persuasive circumstances tending to support a presumption of payment is sufficient to warrant submitting the question to the jury as a presumption of fact.

*Practice, C. P.—Judgment—Sufficiency of affidavit alleging payment.*
There is no error in refusing judgment for want of a sufficient affidavit of defense where, on a sci. fa. to revive after nineteen years, the allegations of full settlement between the parties were of facts sufficiently strong in support of the presumption of payment to take the case to the jury.

Argued May 2, 1899. Appeal, No. 223, April T., 1899, by plaintiff, from order of C. P. Clarion Co., May T., 1898, No. 204,

discharging rule for judgment for want of a sufficient affidavit of defense. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Appeal dismissed without prejudice. Opinion by W. W. PORTER, J.

Sci. fa. to revive. Before CLARK, P. J.

It appears from the record that defendant confessed judgment in an amicable action before a justice in favor of his brother, William Steltzer, for the sum of $410 on August 5, 1878. Plaintiff, at the same time entered upon the record his agreement to a stay of execution for one year without requiring security. Afterward defendant filed with the justice receipts for various amounts paid to the plaintiff. On August 23, 1880, plaintiff by writing filed with the justice, assigned $38.25 to James Pinks, the use plaintiff. On May 2, 1898, a transcript of the judgment was taken and filed in the court of common pleas of Clarion county and on the same day a scire facias to revive was issued thereon. Plaintiff filed an affidavit of defense averring certain matters of set-off and also averring that since " the date of the plaintiff's alleged judgment your affiant and W. A. Steltzer, the legal plaintiff, had various dealings and during the continuance of the same had several settlements in full of all accounts, the last of which was February 4, 1895, when there was found due your affiant the sum of $4.95 which was paid by the same W. A. Steltzer to your affiant at the date aforesaid." The affidavit further avers in regard to the use plaintiff as follows : " That he and the use plaintiff James Pinks had various dealings after the date of the alleged assignment up and until the 3d of February, 1883, at which time there was a full settlement of the accounts and dealings between the said parties."

The court below refused the rule for judgment for want of a sufficient affidavit of defense. Plaintiff appealed.

*Error assigned* was discharging rule for judgment for want of a sufficient affidavit of defense.

*F. J. Maffett,* with him *B. J. Reid,* for appellant.—The averment is defective for the reason that it does not allege fraud, accident or mistake in the writing of the receipts relied upon. It is also evasive, obscure and contradictory.

An affidavit of defense should aver distinctly every fact necessary to constitute a defense; nothing should be left to inference: Peck v. Jones, 70 Pa. 83; Com. v. Snyder, 1 Pa. Superior Ct. 286.

Where the defense is payment pure and simple, it must be stated with particularity as to the time, amount and manner of payment, and also the person or persons to or by whom the same was made: McCracken v. The First R. P. Congregation of Pittsburg, 111 Pa. 106.

Payment involves mixed questions of law and fact. Words are not to be taken as implying more than they express. What is not stated must be taken not to exist: Com. v. Snyder, 1 Pa. Superior Ct. 286.

The principle that the material averments of an affidavit of defense must be accepted as true, has no application to immaterial, irrelevant, obscure or evasive averments: Bank v. Miller, 179 Pa. 412; Killen v. Brown, 6 Pa. Superior Ct. 15.

*G. G. Sloan*, for appellee.—It is a well established rule of law supported by a line of authorities, that where a claim or judgment sued upon has run for a great length of time, the presumption of payment will be determined on all the circumstances, and the presumption from the lapse of time will become greater or less as the time has run, and where the facts and circumstances stated in an affidavit of defense will persuasively raise a legal presumption of payment or have the legal effect of such payment this will render it sufficient, and it then becomes a question for a jury: Moore v. Smith, 81 Pa. 182; Thompson v. Clarke, 56 Pa. 33. See also King v. Coulter, 2 Grant, 77.

It is sufficient if averments in an affidavit of defense state a defense with ordinary certainty, certainty to a common intent. If they substantially assert a defense that is all that has been required: Hugg v. Scott, 6 Wh. 274.

"In doubtful cases, especially in those requiring broad inquiry into facts where the Court refuses judgment, the matter in controversy should go to the jury as the proper tribunal to decide the cause under proper instructions from the Court:" Griffith v. Sitgreaves, 81*Pa. 378. The Supreme Court has followed this principle in several later cases, and in Ensign v

Kindred, 163 Pa. 638, it is said: "We do not mean to interfere where rules for judgment have been discharged in the lower courts in doubtful and uncertain cases, but only in such as are very clear and free of doubt, as we have frequently said."

To the same effect is Ætna Insurance Co. v. Confer, 158 Pa. 598, and in Radcliffe v. Herbst, 135 Pa. 568, and Holland & Co. v. Sunbury Iron Works, 9 Pa. Superior Ct. 261, the principle is fully discussed and the above cases cited.

Opinion by William W. Porter, J., May 18, 1899 :

No error was committed by the court below in dismissing the rule for judgment for want of sufficient affidavit of defense in this case. The averment of the defendant is that since "the date of the plaintiff's alleged judgment your affiant and W. A. Steltzer, the legal plaintiff, had various dealings and during the continuance of the same had several settlements in full of all accounts, the last of which was February 4, 1895, when there was found due your affiant the sum of $4.95 which was paid by the same W. A. Steltzer to your affiant at the date aforesaid."

In respect to the use plaintiff, who claims a part interest in the judgment, the defendant sets forth in his affidavit that "he and the use plaintiff James Pinks had various dealings after the date of the alleged assignment up and until the 3d day of February, 1883, at which time there was a full settlement of the accounts and dealings between the said parties."

We are of opinion that these allegations in view of the long period during which the plaintiff made no attempt to collect the judgment and of the solvency of defendant, furnish sufficient ground for the action of the court below in refusing to enter judgment. "A legal presumption of payment does not indeed arise short of twenty years yet it has been often held that a less period with persuasive circumstances tending to support it may be submitted to the jury as a ground for a presumption of fact:" Moore v. Smith, 81 Pa. 182.

The allegations of full settlements between the parties were of facts sufficiently strong in support of the presumption of payment, to take the case to the jury where the sci. fa. to revive was issued nineteen years and nine months from the date of the entry of the original judgment before the justice of the peace and seventeen years and three months from the last payment on account credited on his docket.

As this case must be tried we refrain from discussion of the merits. The appeal is dismissed without prejudice, etc., at the cost of the plaintiff.