## Brownell *v.* Oviatt, Appellant.

*Mortgage—Bond—Evidence.*

At the trial of a scire facias sur mortgage, the mortgage may be admitted without the accompanying bond. In such a case there is a presumption that the bond has not been discharged.

*Mortgage—Presumption of payment—Evidence.*

A lapse of less than twenty years from the time a mortgage became due if aided by other circumstances to support it as a presumption of payment, may be submitted to the jury as a ground for presuming the fact of payment; but where there are no other circumstances tending to support the presumption of payment, and there is evidence that the mortgage had not been paid, the court may give binding instructions for the plaintiff on a scire facias on the mortgage.

Argued April 30, 1906. Appeal, No. 259, Jan. T., 1905, by defendant, from judgment of C. P. McKean Co., Oct. T., 1903, No. 196, on verdict for plaintiff in case of Fred W. Brownell, Administrator of the Estate of Miller C. Stickles, v. Carrie A. Oviatt, Administratrix of the Estate of Catherine M. Oviatt, deceased, and Carrie A. Oviatt, Terre-tenant. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Scire facias sur mortgage. Before THOMAS, P. J.

At the trial it appeared that on September 1, 1883, Catherine M. Oviatt executed the mortgage in question to her brother, Miller C. Stickles, to secure the payment of $1,898.81, of which $300 was payable on January 1, 1884, and the balance in eight equal annual installments thereafter. It was provided on default in the payment of any installment the whole should become due.

Other facts appear by the opinion of the Supreme Court.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $4,363.46. Defendant appealed.

*Errors assigned* among others were (8) in admitting in evidence the mortgage without the accompanying bond; (7) in giving binding instructions for plaintiff.

*Rufus B. Stone,* with him *Allan Oviatt* and *John N. Apple,* for appellant.

*E. R. Mayo,* of *E. R. Mayo & Son,* for appellee.

PER CURIAM, May 24, 1906 :

One of the errors assigned is that the mortgage was admitted in evidence without the accompanying bond. If the bond had been paid, its payment would have been a complete defense to the suit on the mortgage, but the burden was upon the appellant to show that it had been paid. The appellee's suit was on the mortgage—a cause of action separate and distinct from that on the bond—though both were for the same debt. In proceeding on either it is not incumbent on a plaintiff to show that the other has not been paid. In an action on the bond, when the holder produces it, there is a presumption that the mortgage has not been satisfied, and so in a proceeding on the mortgage against the land, there is a like presumption that the bond has not been discharged. The objection to the offer of the mortgage without the bond was properly overruled.

The real complaint of the appellant is that the jury were directed to find for the plaintiff. This direction could not have been withheld. The mortgage was executed on September 1, 1883, to secure the payment of a bond for $1,898.81, payable in installments, the first, for $300, becoming due on January 1, 1884. On August 26, 1903, this scire facias was issued, and the law had raised no presumption of payment from lapse of time. A lapse of less than twenty years, if aided by other circumstances to support it as a presumption of payment, may be submitted to the jury as a ground for presuming the fact of payment: Moore v. Smith, 81 Pa. 182; but there were no other circumstances in this case tending to support the presumption of payment. On the contrary, as appears from the evidence submitted by the defense, the mortgage had not been paid. There was, however, evidence of an intention by Miller C. Stickles, the uncle of the appellant, to release the mortgage; but this intention was never executed, and he left no direction that it should be executed. When he died the mortgage remained an asset of his estate. This is the whole case, and while the appellant most naturally complains of her disappointment, the law cannot help her.

Judgment affirmed.