# Anderson, to use, *v.* Kern et al., Appellants.

*Mortgages—Foreclosure—Assignment—Production of bond—Defenses—Evidence—Practice, Supreme Court—Question not raised below.*

1. The production of a bond secured by a mortgage is not essential to recovery in an action on the mortgage.

2. The question whether the assignment of a mortgage absolute on its face was in point of fact subject to the right of redemption by the assignor upon payment by him of a debt owed the assignee will not be considered by the Supreme Court where it has not been raised in the court below.

3. Where in an action of scire facias sur mortgage the defense was that the use-plaintiff's title was defective, that the mortgage was not the absolute property of the party who had assigned it to the use-plaintiff, but was held as collateral for a debt, but where the assignor of the use-plaintiff testifying for defendant stated that he had received the mortgage by assignment absolute on its face as security for the payment of $3,000, one-half of which was to be paid in cash and the balance by a transfer to the witness of a promissory note, that all was to be paid at the maturity of the note, and that if not so paid the assignment of the mortgage was to be absolute, that upon maturity the note remained unpaid, so that the assignment by the terms of the agreement testified to by defendant's witness became absolute, the evidence presented did not constitute a defense to the action and the trial judge made no error in directing a verdict for plaintiff.

Argued May 14, 1917. Appeal, No. 73, Jan. T., 1917, by B. F. Davis, terre-tenant, from judgment of C. P. Lancaster Co., October T., 1913, No. 36, on directed verdict for plaintiff on scire facias sur mortgage in case of William Anderson, to the use of James G. Fowkes, now to the use of John E. Malone, v. Emanuel Kern, Mortgagor, with notice to B. F. Davis, Terre-Tenant. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and WALLING, JJ. Affirmed.

Scire facias sur mortgage. Before HASSLER, J.

The opinion of the Supreme Court states the case.

The court directed a verdict for the plaintiff and judgment was entered thereon.   B. F. Davis, terre-tenant, appealed.

*Errors assigned* were various instructions of the court and the admission of certain evidence.

*B. F. Davis* and *John A. Coyle,* of *Coyle & Keller,* with them *C. Eugene Montgomery,* for appellant.

*John E. Malone,* with him *Joseph W. Kenworthy* and *John M. Groff,* for appellee.

OPINION BY MR. JUSTICE WALLING, June 30, 1917:

On March 3, 1899, Emanuel Kern, being the owner of a piece of land containing about nine and one-half acres and situated at Safe Harbor, Lancaster County, Pa., executed a mortgage thereon to William C. Anderson for five thousand dollars, which was accompanied by a bond. On May 12, 1900, Anderson, by an assignment absolute upon its face, transferred the mortgage and accompanying bond to James G. Fowkes, together with Kern's certificate of no defense.   The mortgage and assignment were duly recorded.   Thereafter, in December, 1900, Fowkes was adjudged a bankrupt, and in 1913 his trustee for a valuable consideration assigned the bond and mortgage to John E. Malone, the use-plaintiff.   Subsequent to the execution of the mortgage, the land covered thereby was transferred by divers conveyances until, by a sheriff's sale in 1907, the title became vested in B. F. Davis, the terre-tenant, herein called the defendant, who interposed a defense to the scire facias issued upon the mortgage.   The court below at the conclusion of the trial instructed the jury to find a verdict for the plaintiff for the full amount of the mortgage and interest; and this appeal was taken by the defendant from the judgment entered thereon.

The bond accompanying the mortgage was not pro-

duced in court and seems to have been lost while in the possession of the trustee in bankruptcy.   However, its production was not essential to plaintiff's right of action upon the mortgage: Brownell v. Oviatt, 215 Pa. 514.

Mr. Fowkes, being called as a witness by the defendant, testified to the effect that he sold Anderson a paint plant for three thousand dollars, one-half of which was to be paid in cash and the balance by a transfer to the witness of Jaek Bros.' note of $1,500; and that the mortgage was assigned to him as security for the payment of the three thousand dollars, which included the money and the note, and all to be paid at the maturity of the note in 1900; with the express agreement that if not so paid the assignment of the mortgage was to be absolute; and that no part of said three thousand dollars, either the note or the money, was paid.   The witness also testified that he had endorsed the note and discounted it at the National State Bank of Camden, New Jersey; and that it was later paid in whole or in large part from the proceeds of a life insurance policy, which he had assigned to the bank as security for that and other indebtedness.   The defendant claimed surprise at the testimony of this witness and was permitted to offer in evidence prior statements of Mr. Fowkes to the effect that the mortgage was assigned to him as collateral to the Jaek Bros.' note without more.   These statements at most were only competent to neutralize the evidence of the witness and not as substantive evidence.   There was no proof that the mortgage was ever paid, and the assignment thereof to Fowkes was absolute on its face; aside from his testimony there was nothing to show Anderson was indebted to him or that the assignment of the mortgage was in any sense as collateral security.   So, but for Fowkes's testimony, the right to recover on the mortgage was undoubted; and, being defendant's own witness, his testimony must be taken as a whole.   Defendant cannot select what suits him and reject the balance.   There is no other evidence on that question

and the contract must stand as the witness proved it or not at all.  In that light it did not constitute a defense to the action on the mortgage, as by the terms of the agreement the mortgage became the absolute property of Fowkes when no part of the three thousand dollars was paid at the maturity of the note.

Defendant here contends that despite such agreement the mortgage was still held subject to the right of redemption by the assignor.  But that question does not seem to have been raised in the court below, and, if not, cannot be considered here: Lindsay v. Dutton, 227 Pa. 208; Beaver Boro. v. Beaver Valley R. R. Co., 217 Pa. 280; National Bank of Chester Co. v. Thomas, 220 Pa. 360.  And, aside from that, as the mortgage was never paid nor any offer made to redeem it, we see no valid reason why it could not be foreclosed at the instance of the use-plaintiff.  Anderson could not satisfy the mortgage after he had assigned it to Fowkes, nor by an agreement to do so affect the rights of the latter.  The evidence of Fowkes that he had paid the Jack Bros.' note or at least the larger part of it, being undisputed, the fact that defendant recently obtained a transfer of the note would not in any aspect of the case enable him to interpose it as a defense to the mortgage, for there is no evidence to show what amount if any is still unpaid upon the note.  It does not seem necessary to refer separately to the other questions raised in the record.

The assignments of error are overruled and the judgment is affirmed.