## LaSalle Bank v. Miller

C.P. of Beaver County, no. 11941 of 2003

*Samuel J. Orr III* and *Gregory Javardian,* for plaintiff.

*Robert Druzisky,* for defendants.

KUNSELMAN, *J.,* February 2, 2010—LaSalle Bank filed this mortgage foreclosure action against James Miller and Tricia Kosloski seeking an in rem judgment. The defendants dispute the amount of money that the Bank claims is unpaid on this mortgage. Following a non-jury trial, this court has decided to enter a verdict in favor of the plaintiff, LaSalle Bank, in the amount of $17,468.22, the amount of the unpaid mortgage balance. For the reasons that follow, this court does not believe LaSalle Bank met its burden of proof with respect to the other amounts it was seeking in this litigation.

## PROCEDURAL HISTORY

LaSalle Bank initiated this mortgage foreclosure action on November 20, 2003. The defendants filed an answer to the complaint on June 22, 2004. On October 27, 2004, LaSalle Bank filed a motion for summary judgment. Before the summary judgment motion was heard, defendant Tricia Kosloski, filed with this court a suggestion of bankruptcy, indicating that she had filed for bankruptcy and that relief was ordered on February 1, 2005. Thus, this action was stayed pending resolution of the bankruptcy matter.

LaSalle Bank filed another motion for summary judgment on November 14, 2007. Judge Dohanich denied the motion for summary judgment finding that genuine issues of material fact existed, and further finding that the complaint failed to set forth the chain of assignments under which the plaintiff acquired its interest in the subject mortgage, contrary to Rule 1147(1) of the Pennsylvania Rules of Civil Procedure. In addition to denying the motion, Judge Dohanich granted the plaintiff leave to file an amended complaint within 20 days of the date of his order to comply with Rule 1147(1).

LaSalle Bank filed the amended complaint on April 18, 2008. Defendants never filed an answer to the amended complaint. Following a pretrial conference in July 2009, a non-jury trial was held on September 9, 2009. The parties were given 30 days to submit a trial brief discussing the evidence and their positions in this case. The defendants filed a timely brief. The court received nothing from LaSalle Bank.

FACTUAL FINDINGS

Based on the testimony at trial, this court makes the following findings of fact:

(1) Defendants James Miller and Tricia Kosloski signed a mortgage agreement with Public Savings Bank on August 5, 1999, in the amount of $20,000. (Exhibit 1.) This mortgage was secured by the property located at 1226 9th Avenue, Beaver Falls, Pennsylvania. (Exhibit 1.) The mortgage was recorded on September 16, 1999.

(2) Defendant James Miller signed a note on August 5, 1999, promising to pay $20,000, plus interest, to Public Savings Bank. (Exhibit 2.) Attached to the note is an allonge, which provides that the note shall be paid to the order of Alliance Funding, a Division of Superior Bank FSB. (Exhibit 2.)[1]

(3) On August 13, 1999, Alliance Funding, a division of Superior Bank FSB, assigned the mortgage of the defendants to LaSalle Bank National Association, as indenture trustee under the indenture dated as of September 1, 1999, series 1999-3. This assignment was recorded on May 30, 2001. (Exhibit 3.)

(4) LaSalle Bank is the legal holder of the mortgage on the property located at 1226 9th Avenue, Beaver Falls, Pennsylvania.[2]

---

1. The court recognizes that exhibit 2 provides an unsigned copy of the allonge, (assignment of the note). For our purposes, this fact is not relevant because plaintiff filed an action on the mortgage, not the note.

2. LaSalle Bank did not introduce evidence of the assignment of the mortgage from Public Savings Bank to Alliance Funding to show the proper chain of assignment of the mortgage. However, LaSalle

(5) The defendants are in default of the terms of the mortgage agreement.

(6) The defendants owe a principal balance on the mortgage of $17,648.22 (Complaint ¶10, and exhibit 8, last page.)

(7) LaSalle Bank did not produce any evidence at trial of an escrow agreement between it and the defendants.

(8) LaSalle Bank failed to sufficiently establish the amount of money paid on behalf of the defendants pursuant to an escrow agreement.

(9) LaSalle Bank did not establish the amount of unpaid interest, late charges, corporate advances, other fees or miscellaneous charges due to the Bank from the defendants.

## LEGAL ANALYSIS

In a mortgage foreclosure action, the nature of the judgment sought is in rem. *Insilco Corp. v. Rayburn,* 374 Pa. Super. 362, 368, 543 A.2d 120, 122 (1988); Standard Pa. Practice 2d. §121:79 (2003). Because the judgment

---

Bank alleged that it was the legal holder of the mortgage on the property in question in paragraph 6 of the amended complaint. Defendants never filed an answer to the amended complaint, nor did they dispute the plaintiff's standing to pursue this action at trial. Accordingly, the court will not dismiss the action for the plaintiff's failure to allege and prove standing. The court notes that pursuant to Rule 201 of the Pennsylvania Rules of Evidence, the court could also take judicial notice of the assignment of the mortgage from Public Savings Bank to Alliance Funding, which was recorded in the Recorder of Deeds Office of Beaver County at instrument no. 3049974 on November 22, 1999.

sought is a judgment against the land, it imposes no personal liability upon the mortgagors against whom the judgment is obtained. *Id.* The sole purpose of the judgment obtained through an action in mortgage foreclosure is to effect a judicial sale of the mortgaged property. *Id.*

In an action for mortgage foreclosure, the plaintiff need not show that the bond is unpaid. *Brownell v. Oviatt*, 215 Pa. 514, 64 A. 670 (1906); Standard Pa. Practice 2d. §121:76 (2003). The defendant in such an action has the burden of proving the matter alleged in confession and avoidance. *Id.* Thus, the burden to show payment of the bond, which is a complete defense to a suit on the mortgage, is on the defendant, because the presumption exists that the bond is not discharged. *Id.*

In this case, the defendants offered no proof that the bond was paid in full. Accordingly, they did not meet their burden to avoid foreclosure.

Thus, the court must assume that there is some amount of money due on the mortgage. The only evidence before this court concerning the amount due on the mortgage is the payment history provided by LaSalle Bank. The payment history offered in exhibit 8, indicates a balance due as of September 30, 2009 of $17,648.22. This is the same amount LaSalle Bank claimed in paragraph 10 of its complaint.

Although the defendants dispute this amount, the court has no other testimony regarding the amount due on the mortgage. The defendants offered no testimony regarding the amount they believe is due on the mortgage. Therefore, we will accept the testimony of LaSalle Bank

as true, and find that the amount due under the mortgage is $17,648.22.[3]

With regard to the remaining amounts claimed by LaSalle Bank in paragraph 10 of its complaint, this court finds that insufficient evidence was produced at trial to warrant recovery of these items. First, there was no evidence of any escrow agreement between the parties. Therefore, even if LaSalle Bank made payments toward the defendants' taxes or insurance, (escrow advances) there was no agreement for them to do so. Also, the payment history regarding escrow advance payments was highly questionable and there was no other proof (*e.g.*, receipts, tax bills, etc.) that such payments were ever made. The court finds that LaSalle Bank failed to meet its burden to have these items included in the verdict.

Additionally, there was no evidence of the remaining items LaSalle Bank claimed in paragraph 10 of its amended complaint, including interest, accumulated late charges, corporate advances, other fees due and miscellaneous charges. Without any evidence concerning these items, this court cannot include them in the verdict.

Based on the foregoing discussion, the court enters the attached verdict in favor of LaSalle Bank, which may later be reduced to a judgment in rem.

---

3. At trial and in their trial brief, the defendants maintain that exhibit 8 is hearsay and not admissible evidence. This court disagrees. Exhibit 8 falls within the business records exception to the hearsay rule, because it was kept in the ordinary course of business of LaSalle Bank. Although the document is admissible, the weight of the evidence can be disputed. The defendants challenged the weight of the evidence at trial by attempting to show that the payment history was "full of errors." However, as the court noted, the defendants offered no testimony regarding their records or their estimation of the amount due under the mortgage.

## VERDICT

And now, February 2, 2010, following the non-jury trial in this mortgage foreclosure action, the court enters a verdict in favor of the plaintiff, LaSalle Bank N.A., f/k/a LaSalle Bank as trustee under the pooling and servicing agreement dated 09/01/1999 series 1999-3, in the amount of $17,648.22.