By the court.
Neither the English statute of 21 Jac. 1, nor our limitation act, prescribes the period when a suit on a bond shall be barred. But the judges there, adverting to the principle on which the statute of James was enacted, have determined that after a certain length of time, the law will presume that a debt on bond has been discharged; and the courts here have adopted the same idea, in order to prevent stale outstanding debts founded on obligations from being recovered, unless the delay can be accounted for.
Our legislature for wise reasons have determined, that the operation of the limitation act should be suspended between the 1st January 1776 and the 21st June 1784. And we think we tread in the steps of the English judges exactly, when we declare our opinion, that during this period, the presumption of payment of a bond, arising from length of time, should also be suspended. This will necessarily throw out of the calculation, 8 years 5 months and 21 days.
The length of time then of itself is no positive bar in this case; but the circumstances offered being matters of fact, are proper evidence to be left to the jury to decide on the presumption. The impression which the evidence has made on *346 their minds, after a calm and dispassionate consideration of all the circumstances, must determine their verdict.
Cited in 4 Watts, 297.
Mr. Eevy for the plaintiffs.
Mr. Thomas .for the defendant.
Verdict for the defendant.