## Briggs's Appeal.

While the general rule undoubtedly is that the presumption of payment of a claim founded on a decree would not arise until twenty years have elapsed, it is well settled that a shorter period than that, aided by circumstances which contribute to strengthen such presumption, may furnish sufficient grounds for inferring the fact of payment.

March 10th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Appeal from the Orphans' Court of *Luzerne county*: Of July Term 1879, No. 89.

Appeal of George W. Briggs from the decree of the court sustaining the exception to the allowance by the auditor of the claim of the appellant as the assignee of Peter Cool, Jr., in the distribution of the fund arising from the partition and sale of the real estate of John M. Briggs, deceased.

John Briggs, father of John M. Briggs, died on the 3d of January 1852, intestate, and his real estate was partitioned in the Orphans' Court of Luzerne county. The purparts not elected by the heirs were sold in the year 1855. John M. Briggs elected one

[Briggs's Appeal.]

and purchased one other, purpart.   L. D. Shoemaker, Esq., was appointed an auditor to apportion and make distribution among the heirs of John Briggs, deceased, and he charged John M. Briggs, in his report, inter alia, for the purpart elected and the purpart purchased, with the payment to Peter Cool, Jr., son of a deceased daughter of the said John Briggs, deceased, of the sum of $153.58, with interest thereon from the 16th April 1856.   Mr. Shoemaker's report was excepted to, referred back, and was finally, as to the share of Peter Cool, Jr., confirmed absolutely as originally reported, on the 13th June 1860.   Peter Cool, Jr., subsequently assigned his share to George W. Briggs, to whom John M. Briggs, on the 6th February 1863, paid on account of the interest and principal of said share (the interest at the time of payment amounted to the sum of $62.74) the sum of ninety dollars.   The attorney to whom the payment was made was also attorney for Thomas Y. Briggs.   A copy of the receipt for the payment mentioned is in the words and figures following, viz.:

"Received, February 6th 1863, of John M. Briggs, forty-nine 81–100 dollars for principal and interest of Thomas Y. Briggs's share in the estate of John Briggs, deceased, and also ninety dollars on interest and balance on principal of Peter Cool's share as heir in said estate of John Briggs, deceased, making in all one hundred thirty-nine dollars and eighty-one cents.

G. B. NICHOLSON, per JOHN RICHARDS."

John M. Briggs died on the 25th November 1875.   Partition of his real estate was awarded 22d September 1877, by the Orphans Court of Luzerne county.   An auditor, George K. Powell, Esq., was appointed to distribute the fund raised by the sale of the real estate.   In February 1879, the auditor made his report, inter alia, allowing the claim of Peter Cool, Jr., assigned to George W. Briggs, and appropriating thereto the sum of $245.69.   The heirs of John M. Briggs, deceased, excepted to the allowance of said claim, alleging that the receipt of Mr. Nicholson for ninety dollars covered the whole principal and interest.   The court sustained the exceptions, and in an opinion said:

"The only exception now before the court is the one alleging error in allowing the claim of George W. Briggs.   The exception alleges, first, presumption of payment from lapse of time, and second, actual payment as appears from a receipt dated February 6th 1873, attached to the report of the auditor.   We sustain the exception on the ground of actual payment of the claim in question, which makes it unnecessary to discuss the other view of the case. Aside from the receipt there is nothing on the subject worthy of the name of proof either of payment or non-payment, so the case resolves itself into a construction of the receipt which the court may do notwithstanding the finding of the auditor : Hindman's

[Briggs's Appeal.]

Appeal, 4 Norris 467, and cases there cited. The receipt reads: 'Received, February 6th 1863, of John M. Briggs, ninety dollars on interest and balance on principal of Peter Cool's share as heir,' &c. We cannot possibly read this sentence so as to make the word 'balance' relate to anything but the words interest and principal. The writing does not divide the sum of ninety dollars in any way by which we may apply a definite sum to the payment of interest and the balance on the principal. It is clearly meant that the ninety dollars is balance of interest and principal. We are not informed of the amount of interest then due, nor was such information necessary, as the whole debt and interest were cancelled, but if there had still remained a principal, then the amount of interest or date to which it was calculated would have been necessary and undoubtedly would have been stated. The construction which we have put upon this paper is consistent with the conduct of the parties for sixteen years, and in equity we are bound to take this into consideration: Hughes v. Hughes, 4 P. F. Smith 240. We therefore sustain the exception and disallow the claim of George W. Briggs, amounting to $245.69, which the clerk is directed to distribute to the heirs of the deceased."

From this decree this appeal was taken.

*S. S. Winchester*, for appellant.—The law will not raise the presumption of the payment of a record debt by mere lapse of time, short of twenty years, unless there are other facts and circumstances connected with the transaction, strongly inviting to such a conclusion.

The auditor having heard the whole case and disposed of it under the evidence, his report can only be set aside for clear error in fact or law : Pittsburgh's Appeal, 20 P. F. Smith 146 ; White's Appeal, 12 Casey 134 ; Stehman's Appeal, 5 Barr 413.

*H. B. Payne* and *Q. A. Gates*, for appellees.—From less than twenty years aided by circumstances, payment may be presumed: Hughes v. Hughes, 4 P. F. Smith, 240 ; King v. Coulter 2 Grant 77 ; Diamond v. Tobias, 2 Jones 312 ; Commonwealth v. Snyder, 12 P. F. Smith 153 ; Webb v. Dean, 9 Harris 29. Under all the circumstances in this case, it does not seem reasonable that this claim should remain so long without recognition or payment : Foulk v. Brown, 2 Watts 215 ; Korn v. Browne, 14 P. F. Smith 57.

Mr. Justice Sterrett delivered the opinion of the court, March 30th 1880.

The appellant's claim on the fund for distribution is founded on the decree entered June 1860, in proceedings for partition of the real estate of John Briggs, deceased, commenced about six years

[Briggs's Appeal.]

before.   As early as 1855, Peter Cool, Jr., in whose favor the decree was made, assigned his interest to the appellant.

The appellees claimed that payments were made on account prior to February 6th 1863, and on that day the balance of principal and interest was paid to Mr. Nicholson, attorney for appellant, whose receipt was produced for "$90 on interest and balance on principal of Peter Cool's share as heir in said estate of John Briggs, deceased." The receipt is so ambiguously worded as to be susceptible of being construed as payment of interest and balance then due on principal, or as payment of the sum named, to be applied, first, to arrears of interest, and the residue on account of the principal. The Orphans' Court construed it to mean the balance of both principal and interest, and said: "The construction which we have put on this paper is consistent with the conduct of the parties for sixteen years, and in equity we are bound to take this into consideration." What the conduct thus referred to was, or what evidence there was on that subject, we are not informed. It appears from this remark of the court, as well as from the auditor's report, that some testimony was introduced, but it would seem that neither of them regarded it as of much importance; but, whether of much or little importance, it should have been presented for our consideration, and we should not be asked to reverse the decree of the court below without being furnished with all the facts on which it was based. To do so, would be unfair to the court as well as the parties. In a stale claim like that of the appellant, presented to an auditor twenty-five years after it originated, and nearly nineteen years after the entry of the decree on which it is founded, slight circumstances are admissible in support of a presumption of payment from lapse of time. While the general rule undoubtedly is that the presumption does not arise until twenty years have elapsed, it is well settled that a shorter period than that, aided by circumstances which contribute to strengthen such presumption, may furnish sufficient grounds for inferring the fact of payment: Hughes *v.* Hughes, 4 P. F. Smith 240, and cases there cited. But, aside from this, and assuming that the decree was based solely on the construction of the receipt contended for by the appellees, it is by no means clear that the court was not right. There is not sufficient on the record to justify a reversal of the decree.

Decree affirmed, and appeal dismissed at the costs of the appellant.