## B. G. MORRISON v. C. COLLINS ET AL.

ERROR TO THE COURT OF COMMON PLEAS OF WARREN COUNTY.

Argued May 9, 1889—Decided May 27, 1889.

1. In an action upon a note under seal, brought within twenty years from the time the right of action accrued, the burden is upon the defendant to prove payment, or facts and circumstances from which the jury may properly infer payment.*
2. In such action, the fact that the holder was constantly pressed for money, while the defendant was abundantly able to pay, with other circumstances, might justify the presumption of payment within the twenty years, yet such presumption would not arise from the single fact that the defendant was able to pay.
3. The fact that in a settlement of open accounts between the parties, about six years after the date of the note, a balance equal to the amount of the note was found in favor of the maker, while not establishing a set-off, because of the statute of limitations, was yet admissible as tending to establish payment.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and MITCHELL, JJ.

No. 245 January Term 1889, Sup. Ct.; court below, No. 17 December Term 1887, C. P.

On July 9, 1887, an action of assumpsit was brought by William Reed against B. G. Morrison on a note which was as follows :

WEST HICKORY, March 4, 1871.

Due William Reed two hundred dollars, money loaned to pay on land.   Witness my hand and seal.

[Signed] B. G. Morrison, (L. S.)

The defendant pleaded non-assumpsit, payment, set-off, statute of limitations.   Issue.

On April 24, 1888, the death of the plaintiff was suggested, and C. Collins, W. P. Murray and F. C. Osborn, his executors, were substituted.

At the trial on October 3, 1888, the note having been put in

---

* See Gregory v. Commonwealth, 121 Pa. 611; Porter v. Nelson, 121 Pa. 628; Breneman's App., 121 Pa. 641; Runner's App., 121 Pa. 649.

evidence after proof of execution, the defendant called Joseph Clark, who testified that the plaintiff and defendant were in the oil business together from 1870 to 1878, and witness was their book-keeper after 1876; that in 1877, the witness made out a statement of some old accounts between the parties, and there was a balance of between $200 and $250 in favor of Mr. Morrison; that Mr. Reed told Morrison, to leave it off, any time would do to settle up these old matters, and they put the matter off. Dr. John Sager testified to a conversation he had with Mr. Reed in 1883, in which the latter said he had had a long litigation with Mr. Morrison, and that his business and matters were all settled up, and closed up, and he was glad of it.

Joseph Clark, recalled :

Q. What were Mr. Morrison's circumstances during the time that you knew him ?

Objected to.

Defendant's counsel proposed to prove by the witness that for several years after the obligation in suit matured, he, the defendant, had abundance of means from which the debt could be collected, and abundance of means with which to pay it; this, with other circumstances in the case, and the long lapse of time from the maturity of the note before suit, are circumstances from which the jury may infer the payment of the obligation.

Objected to, as incompetent.

By the court: The other circumstances referred to not being mentioned in the proposition, the objection is sustained, and testimony rejected. Exception.[6]

Defendant then proposed to show by the witness, that for several years after making the obligation in suit, the defendant had an abundance of property from which it could be collected, and abundance of means with which to pay it; this and the long lapse of time from the maturity of the note to the bringing of suit, are circumstances from which the jury may infer payment.

Objected to as incompetent.

By the court: Objection sustained, and testimony rejected. Exception.[7]

The court, BROWN, P. J., charged the jury as follows:

The plaintiffs, who are the representatives of William Reed,

deceased, bring this suit against B. G. Morrison, in which they claim to recover the sum of $200, with interest from March 4, 1871, to the present time. This claim is based upon a note, bearing date March 4, 1871, and is, by its terms, due, and is under seal. This makes out the case of the plaintiffs, and it is incumbent upon the defendant to satisfy you that the note is paid, or settled in some way, or that it is not a legitimate demand.

The claim of the defendant is based in part upon the testimony of Mr. Clark. It would seem from the evidence, that the defendant, Mr. Morrison, and the deceased, Mr. Reed, had numerous and somewhat extensive business dealings with each other. Mr. Clark testifies that he was employed as book-keeper for Mr. Reed; that along in 1877 he was required to make out a statement embracing some business matters and some old affairs, as he expressed it, between these parties; that he made out such a statement, running back four, five or six years, I don't remember just how long, and that when Mr. Reed and the defendant were present at one time, Mr. Reed recognized this statement as being correct, and according to the testimony of the witness it would show that $200 to $250 was due the defendant, Morrison.

As to this evidence, the plaintiffs claim that if you find there was a balance of account due from Mr. Reed to Mr. Morrison in 1877, that it cannot be used as an offset against the claim of the plaintiffs, because more than six years has elapsed since the balance was ascertained, and hence the claim to the offset would be barred by the statute of limitations. We say to you that the plaintiffs are correct in this. The evidence of Mr. Clark, as to the balance due from Mr. Reed to Mr. Morrison in 1877, does not avail the defendant, except in so far as it tends to satisfy you that this note has in fact been paid. What we mean is, that the balance as stated by Mr. Clark, if it existed, cannot be used as an offset, because more than six years has elapsed, and the statute of limitations applies to the offset just the same as it does to the claim. Hence, we say that the balance would not avail the defendant except in so far as it tends to satisfy you that the note in suit was in fact paid. There is no evidence of any agreement between Mr. Reed and Mr. Morrison applying the balance testified to by Mr. Clark, on the note in

suit. [There is no direct evidence that this note was included in any looking over between Mr. Reed and Mr. Morrison. Mr. Clark testifies to making out the statement of the account, showing from $200 to $250 due Mr. Morrison, and in substance that Mr. Reed recognized the statement to be correct. Does this satisfy you either that the note was taken into the account when that balance was arrived at, or that the note had been previously paid? This is a question of fact for you, and an item of evidence for you to consider.] [4]

[If you find from the whole evidence that the note is paid, then you should find for the defendant. But it is the business of the defendant to satisfy you, by evidence, that the note in suit has been paid, and if he has not done so, your verdict should be for the plaintiffs. Bear in mind that it is incumbent upon the defendant to overcome the presumption of non-payment that arises from the production by the plaintiffs of the note itself.] [5]

Further, as showing payment, or an item tending in that direction, evidence is given of some business transactions between these parties, Mr. Reed and Mr. Morrison, in 1872, in which Mr. Reed in two instances certifies, first, in substance, that Mr. Morrison had put down a well for him, as agent, on the McIntyre farm in Forest county, Pa., and expended $3,840 in purchasing engine, boiler, tubing, casing and other fixtures, including drilling, etc., to his entire satisfaction. That is signed by Mr. Reed, and another of like import amounting to some $1,725. Now, from these business transactions, counsel for defendant ask you to infer that inasmuch as there were these large business transactions between these parties subsequent to the giving of this note, that it is an item you may consider in determining whether the note is in fact paid.

Another item of evidence the defendant gives, which you should consider for just what it is worth, is a letter written from Mr. Reed to Mr. Morrison before this note was given. It was December 24, 1870, and in that letter Mr. Reed says: " In regard to furnishing you the $200, I have no objections, if you can let it stand in compensation for services rendered and to be." From that he asks you to say that the $200 that is embraced in this note was money furnished on the terms stated in that letter. That is a question for you to consider, and the weight it should have in the matter, if any.

Charge of Court below.

The defendant also calls Dr. Sager, who testifies that he knew Mr. Reed, that he had a conversation with him in 1883. The Doctor states the conversation, and where it was, and you are to determine the weight that shall be given to his testimony. He says that he saw Mr. Reed, and they had some conversation in regard to litigation; that Mr. Reed said he had had a long litigation with Mr. Morrison, and that all business matters between him and Morrison had been settled up, and that he was glad of it. That is an item for you to take into account in determining whether this note was settled and arranged between the parties.

The defendant asks us to charge you as follows :

1. If the jury believe from the evidence that about five years after this note was made, there appears to be due to the defendant from William Reed, a sum equal to or greater than the face of the note, they may infer from that fact, together with the other facts in the case, in view of the length of time from the making of the note to the time of bringing suit, that the note in controversy has been paid.

Answer : We answer this point by saying, that if the jury are satisfied from the evidence, that about five years after the note in suit was made there was due from Wm. Reed to the defendant, Morrison, a sum equal to or greater than the amount of the note, that fact may be considered by you with the other evidence in the case, in determining whether the claim of the defendant, that the note in suit is paid, is sustained.[2]

2. After the lapse of sixteen years from the making of a note, the presumption of its payment may be drawn from slight circumstances indicating that the note may have been paid.

Answer : This point is affirmed, but you must bear in mind that the burden of showing payment of the claim in suit rests on the defendant, and you should not find such payment unless the evidence thereof satisfies you that payment or settlement of the note has in fact been made.[3]

The jury returned a verdict for plaintiffs for $410. A rule for a new trial having been discharged, judgment was entered on the verdict, when the defendant took this writ, assigning as error :

2, 3. The answers to the defendant's points.[2] [3]
4, 5. The portions of the charge included in [  ][4] [5]
6, 7. The refusal of defendant's offers.[6] [7]

*Mr. D. I. Ball* (with him *Mr. C. C. Thompson*), for the plaintiff in error.

*Mr. W. E. Rice* (with him *Mr. R. Brown, Mr. C. W. Stone* and *Mr. H. E. Brown*), for the defendants in error.

PER CURIAM:

The note in controversy was under seal. In such case, the presumption of payment does not arise until twenty years have elapsed. At least this is the general rule. There are cases which intimate that a presumption of payment may arise in less than twenty years; that is to say, there may be such circumstances surrounding a case as would justify a jury in finding the fact of payment within the twenty years. Thus, if it be proved that the holder of the note has been constantly pressed for money, while the maker was abundantly able to pay, such fact, with other circumstances, might justify the presumption of payment. The single circumstance that the defendant was able to pay, would not be a fact from which this presumption would arise in less than twenty years. For, if the defendant is able to pay, the plaintiff may be able and willing to wait, and within the twenty years the burden is upon the defendant to prove payment, or such facts or circumstances from which the jury may properly infer payment. An examination of the case shows that the rulings of the learned judge below were quite as favorable to the defendant as he had any right to expect.

Judgment affirmed.