# Harrington, Appellant, *v.* Stivanson.

*Estoppel—Sale of real estate—Attorney at law.*

Ignorant and disabled persons are not estopped from claiming title to land because their attorney accepted the proceeds of the sale of the land at an orphans' court sale, where it appears that the attorney acted in apparent ignorance of his client's rights, that the parties never authorized him to accept the money, were without knowledge that he did so, never received the money, and that the attorney himself offered to refund it.

Argued Oct. 11, 1904. Appeal, No. 182, Oct. T., 1904, by plaintiff, from judgment of C. P. Armstrong Co., Sept. T., 1904, No. 142, on verdict for defendant in case of Charles E. Harrington v. Hettie Stivanson et al. Before MITCHELL, C. J., DEAN, FELL, BROWN, POTTER and THOMPSON, JJ. Affirmed.

Ejectment for land in Kittanning borough.

At the trial the jury returned a verdict in favor of the defendant on which judgment was entered.

On a motion for a new trial PATTON, P. J., filed the following opinion:

May 9, 1904, Nancy A. Stivanson, prior to 1872, was the owner of out lot No. 7, Kittanning borough, and she is the common source of title. The plaintiff claims title by a sale of her interest in the real estate by her executors, and it is admitted that his paper title is good. The defendants claim under the statute of limitation. They showed that George Washington Stivanson went into possession of the property in the spring of 1872, fenced off the back part of the lot, thirty-seven feet six inches by seventy-eight feet six inches, and built thereon a house and stable costing about $1,500. Said G. W. Stivanson lived on the land until October 8, 1888, when he died, leaving to survive him his widow, Hettie Stivanson, and three children, who are the present defendants. They continued to live upon the premises until August 5, 1902, the time of bringing this suit. It was a disputed question of fact whether the possession of the defendants and their predecessor in title was adverse or not. We think there was sufficient evidence in the case to submit to the jury on that question.

We did submit it and the jury found for the defendants, so that question is eliminated.

The main contention of the plaintiff is that the defendants have estopped themselves from claiming the land in dispute; first, because Henrietta Stivanson, one of the defendants, gave notice at the sale that she claimed the entire property, which is inconsistent with her present claim; and second, that the other defendants accepted the amount awarded to them upon the distribution of the proceeds of the sale of the real estate, and cannot now claim the real estate itself. We submitted these questions to the jury instructing them that if they believed that this notice was given or the money received knowingly and wilfully the verdict of the jury must be for the plaintiff, but if it was done ignorantly, or if it was done by their attorney without their knowledge or consent, then defendants were not estopped. Was this error?

The testimony shows that the defendant, Hettie Stivanson, was poor and ignorant and made her living by washing; one of the other defendants was blind and another paralyzed. They never claimed more than thirty-seven and one-half feet off the back end of the lot. For thirty years they were consistent in their claim, except in the typewritten notice that was handed to the executors. We are without information as to who wrote it or why such an egregious blunder was made. It appears to have been drawn by someone who had no knowledge of what the facts of the case were.

Equally careless were the facts that on September 7, 1903, J. H. Painter, attorney, receipted for $85.58, the amount awarded by the auditor to the defendants out of the proceeds of the sale of the real estate. This money was paid after the jury was sworn and while the case was on trial. When the defendants' attorney found that he had been caught in a trap, before the testimony was closed, he offered to refund the money to the executors, and offered to pay it into court. That the plaintiff could secure any advantage over the defendants by such a course of conduct is repugnant to our sense of justice and right. However there is no evidence that the attorney collected this money with the knowledge and consent of the defendants. " The admissions of an attorney cannot be given in evidence against his client unless they are made by her ex-

press or implied authority.   It would be an intolerable rule if it were to be held that the rights of clients could be divested by loose expressions of their attorneys: " McGarry v. McGarry, 9 Pa. Superior Ct. 71.  " A statement made by an attorney in the absence of his client is inadmissible in evidence."

In order to work an estoppel the plaintiff was bound to show not only that the defendants received the money, but that they did it knowingly : Smith v. Eyre, 161 Pa. 115.   Thus in the case of Spencer v. Jennings, 139 Pa. 198, the administrators received the money arising from the sale of the real estate and invested part of it for the use of the heirs.   But it was then held that the right to claim an estoppel against them fell, because it was not shown that they had knowingly received the purchase money.

As to the notice given by Mrs. Stivanson it is quite apparent that it was a mistake.   It misled no one, or injured no one.   The executors, who were the children of Nancy Stivanson, knew full well that she did not then or never had claimed all the property.   If no one is misled the doctrine of estoppel does not apply.

It is doubtful whether the receipt of money by a legatee, claiming to be entitled to receive it, and much more as an heir at law, can be treated as an election to affirm the will: Sensinger v. Boyer, 153 Pa. 628.

Estoppel is governed by equitable principles and to allow it to be asserted under the facts in this case would be most inequitable and unjust: Miller's Estate, 159 Pa. 562.

And now, May 9, 1904, the motion for a new trial is refused and judgment directed to be entered on the verdict upon payment of the jury fee.

*Errors assigned* were various instructions and rulings on evidence.

*M. F. Leason* and *H. A. Heilman*, with them *R. A. McCullough*, for appellant.—If one receives the purchase money of land sold, he affirms the sale and he cannot claim against it, if void or only voidable : Adlum v. Yard, 1 Rawle, 163 ; Wilson v. Bigger, 7 W. & S. 111 ; Crowell v. Meconkey, 5 Pa. 168 ; Stroble v. Smith, 8 Watts, 280 ; Smith v. Warden, 19 Pa. 424 ;

Com. v. Shuman, 18 Pa. 343; Jacoby v. McMahon, 174 Pa. 133; Maple v. Kussart, 53 Pa. 348; Fink v. Miller, 19 Pa. Super. Ct. 556; Stouch v. Zeigler, 196 Pa. 489.

*John H. Painter*, with him *Ross Reynolds*, for appellee, cited: Miller's Estate, 159 Pa. 562; Sensinger v. Boyer, 153 Pa. 628.

PER CURIAM, November 4, 1904:

This judgment is affirmed on the opinion of the court below refusing a new trial.