Gsell to Use *v.* Helman et al., Appellants.

Argued October 25, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*G. W. Atherton,* and with him *William S. Hoerner,* for appellants, cited: Thompson v. McElarney, 82 Pa. 174; Schweyer v. Walbert, 190 Pa. 334; Rupp v. Orr, 31 Pa. 517.

*Albert Strite,* for appellee, cited: Cosgrove v. Cummings, 195 Pa. 497; Piper v. Queeney, 282 Pa. 135.

Opinion by Stadtfeld, J., March 3, 1933:

This is an appeal by defendants, Florence Elizabeth Helman and Glen T. Helman, from the decree of the lower court dismissing a rule to open a judgment entered against defendants on a promissory note under seal, containing warrant of attorney for confession of judgment, executed by defendants, bearing date September 21, 1929, and calling for the payment of $1,935 to the order of J. A. Gsell, plaintiff, one year after date. Judgment was entered thereon on September 23, 1929, for the face amount of the note with interest from its date and a collection fee of 5%. On April 3, 1931, said J. A. Gsell was adjudicated a bank-

rupt and J. Glenn Benedict was subsequently elected trustee in bankruptcy of his estate. On September 2, 1931, a fi. fa. was issued on said judgment and levy made by the sheriff. On September 12, 1931, the petition of the defendants for a rule to show cause was presented to the court and a rule was granted and the execution was stayed. On October 10, 1931, an answer to said petition was filed by plaintiff raising questions of law, and on January 23, 1932, an amended petition was filed by leave of court.

For the disposition of the rule to open the judgment, on the questions of law raised by the answer, the averments of the petition must be taken as true.

The facts as set forth in said petition are that the defendants are husband and wife, and that said J. A. Gsell is the father of said Florence Elizabeth Helman, and one John E. Helman is the father of said Glen T. Helman; that on the 15th of March, 1926, certain real estate was conveyed to said defendants by Charles Shultz and wife, and that said J. A. Gsell and John E. Helman before that date, had agreed to purchase said real estate and give it to their said children, and that in pursuance of that agreement said real estate was purchased and a joint deed made to said defendants; that the purchase price of said real estate was $4,000, and of this sum $400 was paid by said Glen T. Helman and $1,800 each by said J. A. Gsell and John E. Helman; that on September 21, 1929, J. A. Gsell came to the home of the defendants with the judgment note now in controversy filled up but not signed, the amount of the same, $1,935, being the amount of money paid by said J. A. Gsell on said property, $1,800, and the interest paid by him on the money borrowed by him to make his share of said purchase money, and that, with intent to defraud the said John E. Helman and said defendants, said J. A. Gsell said in regard to said note, "It don't amount to anything, but I want it in case something should

happen," and so solicited said defendants that they signed said note, without any consideration for the same, relying upon the declarations of said J. A. Gsell that the said note would not amount to anything, and that they would not have signed the said note except for the above statement of said J. A. Gsell.

The answer of plaintiffs, raising questions of law, assuming the facts set forth in the petition as correct, says that the defendants are not entitled as a matter of law to the relief prayed for.

The court below in an opinion by Davison, P. J., entered a decree dismissing the rule to open the judgment. From that decree this appeal is taken by defendants. The sole question is whether the facts alleged were sufficient in the exercise of a sound discretion by the chancellor to warrant the opening of the judgment.

The petition avers a want of consideration. The note is under seal. As stated by the learned judge of the court below, there is a marked difference in law between want of consideration and failure of consideration. Want of consideration is no defense to a bond or note under seal, but failure of consideration may be. As recently as Estate of John T. Davies, 102 Pa. Superior Ct. 326, 330, this court in an opinion by Gawthrop, J., said: "The seal on the note imports a consideration." This has been the unvarying rule under the decisions in our state. It is not necessary to multiply the citation of authorities in support of this proposition.

Appellants urge that plaintiff and his trustee in bankruptcy are estopped, under the facts averred in the petition, from collecting the note upon which judgment has been entered; that the agreement of J. A. Gsell with John E. Helman is binding upon him and that he can not recover on a note given by these defendants. John E. Helman and J. A. Gsell had each performed his part of the gift to their children and

no longer had any interest in the real estate. As stated by the learned judge, "If the children desired to repay one of them, while it might not be commendable to do so, yet it was not such an act of bad faith as would require a court to hold the note uncollectible. ...... We might feel that it was not acting fairly between the donors, but the instrument itself could not be declared void for that reason." It will be noted that John E. Helman is not a party to the record in any way, and the equities of the case so far as they affect him form no part of this case.

The appellants here had equal knowledge with the appellee of all of the material facts and could not have been misled to their disadvantage. "An estoppel can be claimed only by one who has acted in ignorance of the true state of facts: Hill v. Epley, 31 Pa. 331; Woods v. Wilson, 37 Pa. 379, and who was without suitable means of informing himself of their existence: Cuttle v. Brockway, 32 Pa. 45. If he had notice of the facts and was not misled to his disadvantage, there can be no estoppel: Duquesne Bank's App., 74 Pa. 426; Wright's App., 99 Pa. 425." Tustin v. Philadelphia & Reading Coal & Iron Co., 250 Pa. 425, 436.

The only fraud alleged in the petition to open the judgment is as follows: "The said note was all filled out but unsigned and with intent to defraud the within mentioned John E. Helman and your petitioners, the said J. A. Gsell averred in regard to said note, 'It don't amount to anything, but I want it in case something should happen,' and so solicited your petitioners, without any consideration whatsoever, relying upon the declarations of the said J. A. Gsell, payee in said note, that the said note would not amount to anything, signed the said note and your petitioners would not have signed the said note except for the said statements of J. A. Gsell."

As to the statements alleged defendants would be presumed to have as much information and knowledge

as the payee. The makers of the note were people of full age and owners of the real estate in which they lived, and they executed the note in question bearing the notation, "The note is given for money furnished to purchase the home we now own as tenants in entirety." The facts are that it did represent the amount J. A. Gsell had furnished in purchasing the home, that the note shows it was given to repay that money. As to the statement that "It don't amount to anything, but I want it in case something should happen," we agree with the court below that the defendants could not have been misled when the whole statement is considered. We do not think that the averments constitute such fraud as should move a chancellor to open this judgment.

The correct rule applicable to this case is laid down in First National Bank of Hooversville v. Sagerson, 283 Pa. 406, 411, as follows: "The promise not to use the judgment note, and the subsequent entry of it, do not constitute fraud within the legal meaning of that word. Despite what was said in early Pennsylvania cases, it has been stated, and we now repeat, that a breach of faith or of an agreement regarding the doing or refraining from doing something in the future is not fraud, as that word is employed in the phrase, 'fraud, accident or mistake.' Concerning the defense that the maker of a note upon which suit is brought signed it with the understanding that it was a mere matter of form and not an obligation, we said in Ziegler v. McFarland, 147 Pa. 607, 609-610: 'It is sufficient to say that it is a flat contradiction of the terms of a plain business writing, which any one competent to do business at all could not fail to understand. No accident is alleged, and the only fraud or mistake is the representation that it was 'not an obligation,' though its express terms had that and no other meaning. If the rule as to parol evidence to vary writings is to have any application at all it

264

should be to such cases as this: Clarke v. Allen, 132 Pa. 40.' "

We can not profitably add anything to what has been said in the opinion of the learned judge of the lower court.

The assignment of error is overruled and the decree affirmed.