Conrad's Estate.

Argued September 30, 1938.   Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Harry A. Estep,* for appellant.

*Thompson Bradshaw,* with him *Robert E. McCreary,* of *Bradshaw, McCreary & Reed,* and *A. B. Angney,* for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, December 5, 1938:

The auditing judge allowed appellee's claim against the estate of Herman H. Conrad, deceased, for $10,000 upon a sealed judgment note dated May 26, 1916.   On the exceptions filed thereto by the residuary legatee, the court en banc awarded an issue to the common pleas to determine whether the decedent executed and delivered the note, and if there was any consideration therefor. The jury answered the first question in the affirmative

and the second in the negative. The court below declined to accept the verdict, but the exceptions were dismissed and the claim allowed on the theory that, since the note was under seal, no consideration was necessary, and appellant had failed to establish the defenses of fraud, forgery or payment.

The instrument upon which the claim in the present case is based is a negotiable promissory note under seal. It is well settled that a seal *imports* consideration.[1] This is more than a mere presumption; the seal takes the place of proof of consideration and in the absence of fraud makes the promise enforceable without it.[2] The defense of *want* of consideration is not available in an action on a sealed instrument: *Yard v. Patton,* 13 Pa. 278. This is true of sealed negotiable instruments as well as bonds and deeds.[3] Where, however, there is evidence of fraud upon the maker, the seal will be disregarded and proof of consideration will be required.[4]

Failure of consideration, on the other hand, is a valid defense to a sealed instrument. The distinction between want and failure of consideration has been pointed out in a number of cases.[5] The defense of failure of consid-

---

[1] *Grubb v. Willis,* 11 S. & R. 107.

[2] *Yard v. Patton,* 13 Pa. 278; *Mack & Person's Appeal,* 68 Pa. 231, 233.

[3] *Zimmerman v. Zimmerman,* 262 Pa. 540, 544; *Balliet v. Fetter,* 314 Pa. 284; *Estate of Davies,* 102 Pa. Superior Ct. 326; *Weber v. Roland,* 39 Pa. Superior Ct. 611; *Gsell, to use, v. Helman,* 108 Pa. Superior Ct. 258.

[4] In *Hancock's Appeal,* 34 Pa. 155, 156-7, it was said: "The assignments duly executed under seal, . . . must be held to import a valuable consideration. Had there been any impeachment, however slight, of the fairness of the assignments, we would have required full proof of consideration: . . ." And see: *Twitchell v. McMurtie,* 77 Pa. 383; *Jeffers et al. v. Babis,* 304 Pa. 282.

[5] In *Killeen's Estate,* 310 Pa. 182, at 187, it was said: "There is, however, a distinction between want and failure of consideration: want of consideration embraces transactions or instances where none was intended to pass, while failure of consideration implies

eration, relied upon by appellant, is unavailing. It does not appear from anything properly in the record that, apart from the seal, circumstances existed from which consideration could be inferred, and the note itself recites none. The only evidence offered is a letter written by appellee's attorney to the corporate executor, wherein it was stated that the note was given "in payment of services rendered over a long period of years by the payee to Herman H. Conrad and wife in connection with their refreshment stand. . . ." This refreshment stand was owned and operated by decedent's wife, and appellee's services therein were of very slight value. It is not shown that the note was given therefor.

The letter of the attorney, without proof of his authority, is neither competent nor adequate to show failure of consideration. While an attorney has power to bind his client by his admissions and acts in the course of suit, or in management of the regular course of litigation,[6] his statements or admissions out of court and not made in the conduct of litigation are generally not binding upon his client in the absence of express authority.[7] Without the letter the record is barren of any evi-

---

that a valuable consideration, moving from obligee to obligor, was contemplated: *Meek v. Frantz,* 171 Pa. 632. Want of consideration is no defense, as this would contradict the terms of the instrument, while failure of consideration does not contradict the terms of the instrument, but shows that the consideration contemplated was never received." To the same effect see: *Yard v. Patton,* 13 Pa. 278, 284; *Piper v. Queeney,* 282 Pa. 135, 142; *Homer B. & L. Assn. v. Noble,* 120 Pa. Superior Ct. 153, 156; *Gsell, to use, v. Herman,* 108 Pa. Superior Ct. 258, 261.

[6] *Swartz v. Morgan & Co.,* 163 Pa. 195; *Lynch v. Commonwealth,* 16 S. & R. 368; *Cole v. Natl. Casket Co.,* 101 Pa. Superior Ct. 207; *Wilson v. Young,* 9 Pa. 101.

[7] See *McGarry v. McGarry,* 9 Pa. Superior Ct. 71, where the court refused to admit in evidence a letter of defendant's counsel containing expressions inconsistent with his client's case, stating at page 77: "It would be an intolerable rule if it were to be held that the rights of clients could be divested by loose expressions of

dence to show failure of consideration. The finding of the jury in the Common Pleas Court "that there was *no* consideration" would not be conclusive of that question, nor would it be proof of it. Even if it could be so treated, the court below was within its undoubted right to disregard it as a finding. The award of such an issue being discretionary, the court is not bound to accept the verdict.[8]

Appellee faces a more difficult problem, and one which prevents recovery, in the defense of payment. Where no action is taken to collect a debt due on a specialty until twenty years has elapsed, although there is no statute of limitations for specialties such as sealed instruments, debts and decrees of record, a *legal* presumption arises, from delay itself, that the debt has been paid; the obligee must then show that payment was not made.[9] In the present case the note lacks less than one year of twenty to raise this complete presumption. However, it is well established that, where there is a long delay, presumption of payment of a sealed instrument may arise in a period less than twenty years if there is a factual basis to support it other than the delay. The lapse of time combined with other circumstances is evidence from which a presumption of *fact* may arise that payment has been made. *Hughes v. Hughes,* 54 Pa. 240, contains a clear statement of this rule. That was an action on a sealed instrument nineteen years old. The Court said, at p. 242: "That a complete legal presumption of payment of a bond or other instrument of like

---

their attorneys made under the circumstances disclosed in the evidence in this case." See also: *Malone v. Marano,* 326 Pa. 316; *Mahler, to use, v. Singer,* 285 Pa. 540; *Harrington v. Stivanson,* 210 Pa. 10; 2 Wigmore, sections 1063, 1078; note 97, A. L. R. 374.

[8] See *Schwoyer's Estate,* 288 Pa. 541, 546, and *Gross's Estate,* 278 Pa. 170, 183-5.

[9] *Penrose et al. v. King,* 1 Yeates 344; *Henderson v. Lewis,* 9 S. & R. 379; *Foulk v. Brown,* 2 Watts 209.

nature does not arise short of twenty years is well settled; but it has also been well settled that a shorter period aided by circumstances which contribute to strengthen the presumption of a payment from lapse of time may be submitted to a jury as grounds for the presumption of the fact of payment. [Citations.] Slight circumstances may be given in evidence for that purpose in proportion as the presumption strengthens by the lapse of time; but still they must be such as aid the presumption arising from time. They must be, as it is said, *persuasive* that the time would not have been suffered to elapse had the debt remained unpaid."[10]

No fixed rule of substantive law or evidence can be laid down as to the scope, quality or quantity of the additional circumstances necessary to support the presumption of payment arising from a delay of less than twenty years. Each case depends upon its individual circumstances.[11] Such proof as the debtor's ability to pay during that period, or, a statement of the creditor or obligee that the debt was paid, or it was regarded as not owing, or he had destroyed the note, have been held sufficient in conjunction with the lapse of a long period of years before bringing suit. *Hess v. Frankenfield,* 106 Pa. 440, is a case, closely analogous to the instant one, where the note was nineteen years old and the additional circumstances were that the obligee had executed releases to the obligor in receipt for his distributive share of an estate, and had settled with him several times for other claims without attempting to set up the stale claim

---

[10] See also: *Brubaker's Admr. v. Taylor,* 76 Pa. 83; *Moore v. Smith,* 81 Pa. 182; *Briggs's Appeal,* 93 Pa. 485, 488; *Morrison v. Collins,* 127 Pa. 28, 33; *Brownell v. Oviatt,* 215 Pa. 514, 515. A long delay in itself is a strong circumstance to show payment: *Tilghman v. Fisher,* 9 Watts 441; *Diamond v. Tobias,* 12 Pa. 312 (19 years).

[11] *Hess v. Frankenfield,* 106 Pa. 440, 444, and cases cited, supra, note 10.

against him. Also in *Morrison v. Collins,* 127 Pa. 28, it was shown that the obligee had paid sums of money to the obligor after the note was due and had stated that there had been a settlement of all other affairs. Similar facts existed in *Miller's Estate,* 188 Pa. 214.

Where the enforcement of a claim on a specialty has been delayed for a long time, any circumstance which shows conduct on the part of the obligee inconsistent with the existence of the debt as a valid claim, will, with the delay, support the inference that the obligation has been paid. As we have heretofore stated, the corroborative circumstances take on greater significance with the passage of time after the maturity of the obligation, and in a case like the present one, involving a stale claim against an estate, slight additional evidence is required.

There are a number of circumstances, which, with the delay of nineteen years, create a factual presumption of payment. In 1930 the decedent, the obligor in the note, obtained a judgment of $300 against appellee upon the latter's note, which judgment was paid by appellee. After the maturity of the $10,000 note, appellee obligee received and turned over to the decedent obligor large sums of money (at one time, $4,500) as his share in his wife's estate, of which decedent and appellee were co-executors, and no attempt was made to assert any claim against these payments. Obligee paid obligor monthly sums of money due to him from properties leased. There was no evidence of any demand made for payment during the lifetime of the decedent although he lived eighteen years after the note matured. All of this is not only inconsistent with the existence of a valid debt on the long overdue note for $10,000 but would conclusively show payment. There is nothing in the record that would rebut this factual presumption.

This Court has frequently stated that where a claim which could have been made against a decedent during his lifetime is not presented until after his death, it is

viewed with the greatest suspicion.[12]  Normally, creditors and obligees are prompt to assert their claims and press them during the lifetime of the debtor.  It is only natural that the courts should lend their assistance to the representatives of a decedent to compel claimants who fail to do so to establish their claims beyond reasonable doubt.[13]

Decree reversed; appellee's claim disallowed, costs to be paid by appellee.

---

[12] *Miller's Estate,* 136 Pa. 239; *Mueller's Estate,* 159 Pa. 590; *DeCoursey's Estate,* 211 Pa. 92; *Gilbraith's Estate,* 270 Pa. 288; *Reynolds, Exrx., v. Williams, Exr.,* 282 Pa. 148; *Cross's Estate,* 284 Pa. 73, 75; *Schwoyer's Estate,* 288 Pa. 541, 544.

[13] See *Foulk v. Brown,* 2 Watts 209, 215; *Gregory v. Com.,* 121 Pa. 611; *Gilbraith's Estate,* 270 Pa. 288, 291.