## Commonwealth ex rel. Ross, Appellant, v. Maroney.

Argued October 13, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Thomas A. Harper*, with him *Utterback, Brown & Harper*, for appellant.

*Louis Abromson*, Assistant District Attorney, with him *Robert W. Duggan*, District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, November 24, 1964:

This is an appeal from an Order denying a petition by relator for a writ of habeas corpus which attacked the validity of the judgment and sentence imposed upon him.

A jury trying relator for the killing of Mrs. Boston returned a verdict of guilty of murder in the first degree with sentence of death. After denial of his motion for a new trial, relator appealed the judgment to this Court. The facts and the applicable law were carefully and very thoroughly reviewed in *Common-*

*wealth v. Ross,* 413 Pa. 35, 195 A. 2d 81. The facts may be briefly summarized as follows:

The Commonwealth proved that the relator committed a brutal, planned, deliberate and premeditated cold-blooded murder of Mrs. Boston. The relator and his victim, Mrs. Boston, had been living in a meretricious relationship. Relator left their common abode, but from time to time continued to see Mrs. Boston in her home. During these visits they quarreled frequently and on numerous occasions relator threatened to kill her and some or all of her children.

On the morning of November 11, 1962, relator came to her home and a quarrel began. One of the victim's sons, Daniel Boston, aged 17, intervened and asked relator to leave. Instead of leaving, relator replied "I am going to kill all of you." Thereupon he pulled out a gun, shot and killed Daniel, then shot and killed Mrs. Boston, and then shot and wounded Russell Boston, another of her sons. In relator's trial for the murder of Mrs. Boston, the pathologist testified for the Commonwealth that Daniel—for whose murder petitioner was not being tried—died as the result of the shooting.

After this Court had affirmed the judgment and sentence in *Commonwealth v. Ross,* 413 Pa., supra, relator filed a petition for a writ of habeas corpus in the U. S. District Court for the Western District of Pennsylvania. That Court dismissed the petition for the reason that relator had not exhausted his State remedies. Thereupon, relator filed his petition for a writ of habeas corpus in the Court of Common Pleas of Allegheny County. That Court, after answer and argument, entered an Order dismissing the petition.* From this Order he took the present appeal.

---

* Relator thereupon filed an application with the Board of Pardons for a commutation of the death sentence. The Board denied the Application.

All of the contentions made by relator in this habeas corpus proceeding were carefully considered and, with one exception, were thoroughly discussed and specifically decided in our Opinion in *Commonwealth v. Ross,* 413 Pa., supra. We repeat, only one contention, made by relator in the present habeas corpus proceeding, was not specifically answered in the Court's opinion in 413 Pa., although it was considered. This contention is that relator's Constitutional right of due process was violated by the introduction of testimony concerning his killing Mrs. Boston's son, Daniel (as above mentioned), at the same time he shot and killed Mrs. Boston. The evidence of this killing of Daniel was an essential inseparable part and parcel of relator's killing of Mrs. Boston and was admissible for that reason, as well as for the other reasons set forth at length in *Commonwealth v. Ross,* 413 Pa., supra, and the many authorities therein cited. The admission of this evidence did not amount to a denial of due process, nor did it violate any of relator's Constitutional rights. Cf. *Ciucci v. Illinois,* 356 U.S. 571; *Lisenba v. California,* 314 U.S. 219; *United States ex rel. Burke v. Denno,* 148 F. Supp. 498, affirmed 243 F. 2d 835, certiorari denied 355 U.S. 849.

Order affirmed.

Mr. Justice COHEN dissents.