**Joseph Allen WALLACE, Plaintiff,**

v.

**John R. FRIEDAY, an individual, et al., Defendants.**

**Civ. A. No. 69–752.**

United States District Court,
W. D. Pennsylvania.

Sept. 13, 1971.

John David Rhodes, of Thomson, Rhodes & Grigsby, Pittsburgh, Pa., for plaintiff.

Suto, Power, Balzarini & Walsh, Pittsburgh, Pa., for defendants.

## MEMORANDUM and ORDER

McCUNE, District Judge.

In this personal injury action, two of the defendants, Lowe and Nolan, have moved for summary judgment pursuant to Rule 56. Their motion to strike service set forth in their answer also requires action.[1] Discovery has been completed and the parties have filed their pretrial narratives.

■ Plaintiff sustained injury when an auto operated by defendant Frieday struck the vehicle operated by plaintiff. The accident occurred on the 22nd of September of 1967. On that date the owners of record were the other defendants Nolan and Lowe. Service was effected on the 23rd of June of 1969 under the Pennsylvania long-arm statute.[2] Service was never completed on the defendant Frieday. Defendants Nolan and Lowe objected to the service contending that they had sold the car before the accident. In their pretrial narrative they, Nolan and Lowe, do admit that the title of record was not changed until October 2, 1967. We conclude that since they were the record owners at the time of the accident they were properly served under 75 P.S. §§ 2001, 2002. We, of course, are not deciding the issue of ownership for purposes of liability determination. Under Pennsylvania law mere ownership of record does not determine liability, Sem-

1. Defendants are residents of the State of New York.

2. 75 P.S. § 2001 (Supp.1971).

(a) From and after the pasasge of this act, any nonresident of this Commonwealth, being the operator or owner of any motor vehicle * * * or being a person in whose behalf a motor vehicle * * * is being operated whether or not such person is the operator or owner, who shall accept the privilege extended by the laws of this Commonwealth to nonresident operators and owners of operating a motor vehicle * * * within * * * the Commonwealth of Pennsylvania, * * * by such acceptance * * * and by the operation of such motor vehicle * * * within the Commonwealth of Pennsylvania, make and constitute the Secretary of the Commonwealth * * * his, her or their agent for the service of process in any civil suit or proceeding instituted in the courts of the Commonwealth of Pennsylvania or in the United States District Courts of Pennsylvania against such operator or owner * * * arising out of, or by reason of, any accident or collision occurring within * * * the Commonwealth in which such motor vehicle is involved.

ple v. State Farm Mutual Automobile Insurance Co., 215 F.Supp. 645 (E.D. Pa.1963). The parties served are still free to litigate at trial the issue of ownership as that issue relates to liability.

Since we determine that service was proper we now come to defendants Nolan and Lowe's motion for summary judgment. If there exist any genuine material issues of fact the motion must be denied. The pretrial statements reveal the following matters: Defendants contend that they sold the auto in question before the accident. Plaintiff contends they were still the owners and had merely loaned the auto to defendant Frieday. Plaintiff further contends that defendants made the loan well knowing Frieday to be an incompetent driver. An unresolved material issue of fact is clearly presented, that is, ownership. Whether plaintiff can prove his allegations is a matter which we properly do not consider on this motion.

There being an unresolved material issue of fact we are compelled to deny the motion of defendants Lowe and Nolan for summary judgment.

It is so ordered.