Thomas **HEADMAN** et al.

v.

**BERMAN LEASING COMPANY.**

Civ. A. No. 70-2887.

United States District Court,
E. D. Pennsylvania.

Nov. 10, 1972.

Sheldon L. Albert, Philadelphia, Pa., for plaintiffs.

A. M. Toensmeier, Jos. R. Thompson, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

This cause of action arises out of a motor vehicle collision occurring on May 27, 1969. Plaintiffs filed suit in this Court against defendant, Berman Leasing Company, alleging that the truck driver was the agent, servant and employee of defendant, acting within the course and scope of his employment under its direct supervision and control. In its answer, defendant denied agency, and, at this time, it is apparently undisputed that the driver was not the employee of the defendant, but of Tenneco Chemicals, Inc., the lessee of the truck. Although the truck in question bore the lettering "Berman Leasing Co.", defendant was merely the owner and lessor of the truck. Under Pennsylvania law, mere ownership of a vehicle involved in an accident does not provide a basis for liability. Wallace v. Frieday, 331 F. Supp. 420 (D.C.Pa.1971); Double v. Myers, 305 Pa. 266, 157 A. 610 (1931). On these undisputed facts, defendant has moved for summary judgment.

Plaintiffs resist this motion, contending that because of a phone conversation with defendant's counsel, agency was admitted and defendant should be estopped to deny agency. The facts giving rise to this assertion are as follows: On March 12, 1971, plaintiffs' counsel scheduled the deposition of the driver of the truck for March 30, 1971. Defendant's counsel responded, requesting that the deposition be postponed because his interrogatories had not yet been answered and because of scheduling conflicts. Upon

receipt of this response, plaintiffs' counsel phoned counsel for the defendant and advised him that he wished to reschedule the deposition in order to determine agency prior to the running of the statute of limitations. To this suggestion, defendant's counsel allegedly replied that "as far as defendant's counsel knew, the driver was employed by the defendant at the time of the accident." Plaintiffs further allege that in reliance on this statement, the deposition was postponed and, thereafter, the statute ran against the actual principal, Tenneco Chemicals, Inc.

■ In his affidavit, defendant's counsel vigorously denied that he ever represented that the driver was an employee of defendant. Such a genuine dispute of a material fact—whether the representation was, in fact, made—would ordinarily preclude the granting of a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Moreover, although the application of estoppel on established facts is generally for the determination of the Court, the question of whether the alleged remarks were made is for the jury. Nesbitt v. Erie Coach Co., 416 Pa. 86, 96, 204 A.2d 473 (1964). For the purpose of this motion, however, we will accept the averments made in the affidavit of plaintiffs' counsel as true and correct.

■ Initially, plaintiff argues that, notwithstanding the denial of agency in the answer, defendant's counsel has, in fact, admitted agency. In the first place, plaintiffs argue that defendant's cross-claim, seeking indemnity and contribution in the event of recovery against it, is inconsistent with a denial of agency and, in essence, an admission thereof. We find no merit in this contention, since the rules of federal pleading expressly permit pleading in the alternative. F.R.Civ.P. 8(e)(2). Secondly, plaintiffs argue that the fact that the truck bore the lettering "Berman Leasing Co." constitutes an admission of agency. We must likewise reject this contention for the lettering provides merely an indication of ownership and nothing more. Thirdly, plaintiffs argue that the statement of defendant's counsel over the telephone—that as far as he knew, the driver was an employee of defendant—constituted an admission of agency. In so arguing, plaintiffs rely on Taylor v. Allis-Chalmers Mfg. Co., 320 F.Supp. 1381 (E.D.Pa.1969), holding that admissions by an attorney which concern the management of litigation may be used against the party-client. The Court, in *Taylor*, had no difficulty in concluding that an attorney's authority extends to admissions made in formal pleading, but questioned whether statements made in less formal documents, such as a pre-trial memorandum, would constitute an admission within an attorney's authority. In this case, we are concerned with an alleged admission made in an off-the-record telephone conversation between counsel. The most definitive statement of Pennsylvania law on this point is contained in Geesey v. Albee Pennsylvania Homes, Inc., 211 Pa.Super. 215, 235 A.2d 176 (1967), where the Court stated:

> "On several occasions our courts have [sic] considered admissions purportedly made by attorneys. In these opinions emerge a great reluctance to admit such evidence in the absence of express authority by the client. The rule which has emerged from these cases is that, 'If the admissions are made out of court and not in the presence of the client, authority to make them or knowledge or assent of the client thereto must be shown'. 1 Henry, Evidence § 96, pp. 143–44 (4th ed. 1953).

> ". . . ' "It would be an intolerable rule if it were to be held that the rights of clients could be divested by loose expressions of their attorneys" '.

> .    .    .    .    .    .

> "Similarly in Conrad's Estate, 333 Pa. 561, 3 A.2d 697 (1931), the Supreme Court stated: 'The letter of the attorney without proof of his authori-

ty, is neither competent nor adequate to show failure of consideration. While an attorney has power to bind his client by his admissions and acts in the course of suit, or in management of the regular course of litigation, his statements or admissions out of court and not [made] in the conduct of litigation are generally not bindings upon his client in the absence of express authority. 211 Pa. Super. at 221–222, 235 A.2d at 179–180.' "

In the instant case, the alleged admission was not made in Court or in the regular course of litigation, but in an off-the-record telephone conversation. Moreover, it would be presumptuous to conclude that defendant would authorize its counsel to make an admission of agency, where none, in fact, existed. We, therefore, conclude that the telephone statement of defendant's counsel did not constitute an admission of agency.

Plaintiffs' next contention is that because of the telephone statement of defendant's counsel, defendant is estopped to deny any agency relationship, despite the fact that none existed. In Sabino v. Junio, 441 Pa. 222, 272 A.2d 508 (1971), the Supreme Court stated:

"The essential elements of estoppel are an inducement by the party sought to be estopped . . . to the party who asserts the estoppel . . . to believe certain facts to exist—and the party asserting the estoppel *acts in reliance on that belief*. See Northwest'n Nat. Bk. v. Commonwealth, 345 Pa. 192, 27 A.2d 20 (1942)."

In the instant case, we are assuming the representation was made by defendant's counsel to plaintiffs' counsel that as far as he knew there was agency. From this point, the burden rests with the party asserting the estoppel to establish such estoppel by clear, precise and un-

equivocal evidence. Ham v. Gouge, 214 Pa.Super. 423, 428, 257 A.2d 650 (1969); Hertz Corp. v. Hardy, 197 Pa. Super. 466, 471, 178 A.2d 833 (1962); Frazee v. Morris, 155 Pa.Super. 320, 38 A.2d 526 (1944). Here, plaintiffs contend that they have acted in reliance on that belief to their prejudice in that the statute of limitations has run against Tenneco Chemicals, Inc.

We note initially that a statement gives rise to an estoppel only where such statement is clear and reasonably certain in its intendment. Nesbitt v. Erie Coach Co., 416 Pa. 89, 96, 204 A.2d 473 (1964). Here, the statement allegedly giving rise to the estoppel is in no way clear. According to plaintiffs, defendant's counsel merely stated that "as far as he knew" there was agency. Such an equivocal response would not constitute the requisite fraud, concealment or even unintentional deception to give rise to an estoppel. Nesbitt v. Erie Coach Co., *supra*, at 96, 204 A.2d 473. In the light of the unequivocal denial of agency in defendant's formal answer, the equivocal statement of defendant's counsel did not justify plaintiffs' reliance thereon. Allegations or denials in formal pleadings may not be so lightly set aside by an informal, off-the-record telephone comment. Plaintiffs' counsel should have been placed on notice by the response that it was his duty to ascertain the agency relationship. In failing to do so in the light of the unequivocal denial in defendant's answer and the equivocal reply of defendant's counsel, we conclude that plaintiffs' reliance thereon was not justifiable and the doctrine of estoppel is inapplicable to the facts of this case.

In conclusion, since defendant has not admitted agency, since defendant is not estopped to deny agency, and since no agency, in fact, existed between defendant and the driver of the truck, defendant's motion for summary judgment will be granted.